No. 61.—JAMES HEMPHILL, MADISON MONTGOMERY, MOSES G. BRADBURY, WESLEY SHROPSHIRE and CHARLES HEMPHILL, plaintiffs in error *vs.* THE RUCKERSVILLE BANK and JOSEPH RUCKER, defendants in error.

[1.] Any one of the several complainants, in any injunction bill, may verify the statements in it, by affidavit, so as to authorize the sanction of the chancellor.

[2.] A corporation aggregate may file an answer to a bill in equity under its corporate seal; but an injunction against a corporation will not be dissolved on the filing such an answer, unless the answer is duly verified by the oath of some of the corporators, or agents, who are acquainted with the facts stated therein.

[3.] It is a *general rule* of practice in courts of equity, to dissolve an injunction when the answer of the defendants had been filed denying all the facts and circumstances upon which the equity of the complainants' bill is based.

Hemphill and others *vs.* Ruckersville Bank.

In Equity. From Floyd Superior Court. Bill and answer, and motion to dissolve injunction. Before Judge WRIGHT. At Chambers, July 8th, 1847.

The injunction was dissolved, and the decision excepted to, and assigned for error. The following is a statement of the facts.

This was a bill in equity, filed by the plaintiffs in error, against the defendants in error, in Floyd Superior Court. An injunction was originally granted in this case, and upon motion before Judge Wright, at Chambers, July 8th, 1847, the injunction was dissolved, upon the grounds, 1st, That there was not sufficient equity in the bill to authorize a court of equity to make any decree against the defendants; and 2ndly, That the bill had never been sworn to properly, as it appeared on the face of the bill that James Hemphill was the only complainant who could know any thing about the material charges in the bill, and Moses G. Bradbury was the only complainant who had sworn to it.

The bill charged, that the complainant, James Hemphill, became a stockholder in the Ruckersville Bank, to the amount of fourteen thousand dollars; that he paid in, at the time of taking the stock, the sum of fourteen hundred dollars, and executed a mortgage of his lands in the county of Floyd, to secure the balance, under the provisions of the act of 26th December, 1838, entitled, " An act to authorize the business of banking, and to regulate the same."

Afterwards, the said James Hemphill, and the other complainants as his securities or indorsers, executed their note, which was discounted by said bank, for the sum of $5,800, which was permitted to run in said bank for some time, as an accommodation paper.

The complainants were afterwards sued upon this note, and judgment rendered against them, from which they entered an appeal, the complainant, James Hemphill, believing that he had good and legal, as well as equitable defence against the said action, consisting of set-off for the said sum of $1,400, advanced and paid to the said Bank, and also for the amount of dividends upon the capital stock held by him to the amount aforesaid of $14,000, which he had held for a considerable time, during which the said Bank had been in operation and made profits, as he believed.

Afterwards, while the appeal was pending, the Ruckersville Bank, by its officers, and the complainant, James Hemphill, made

a verbal agreement, by which it was stipulated that in consideration that he would surcease his said defence to the action, and would, at the then ensuing term of Floyd Superior Court, confess judgment in said case, or dismiss the appeal, the said Bank would wait, and stay all further proceedings in the said case until the 1st of April, 1844, when the said Bank would enter into a full and fair settlement with him; and receive in full settlement and satisfaction of the judgment the sum which might be justly and equitably due, after allowing him the said sum of $1,400, and the profits or dividends to which he might be entitled, as such stockholder; and give up said mortgage, and release or cause to be released, his said bonds, from all incumbrance, and receive back the said stock of the Bank. The complainant alleged, that he had no means of proving this agreement except by the defendant's answers to said bill. The bill further charged, that relying upon said agreement, and not doubting the fidelity of said Bank to comply therewith and carry into full effect the terms thereof according to the true intent and effect thereof, thereby releasing him from all connexion with, interest in, or liabilities to the said Bank, he caused the said appeal to be dismissed, and the first judgment was confirmed.

The bill further charged, that in pursuance of said agreement, the complainant, James Hemphill, in fulfilment of his part thereof, a few days previous to the expiration of the time specified therein, called upon the deputy sheriff, in whose hands the execution issued upon said judgment was, and paid him thereon the sum of *six thousand dollars*, being the amount it was supposed would be due said Bank on a full and fair settlement, and which was paid over to the Bank; and shortly afterwards, he called upon said Bank and demanded final settlement, according to said agreement, offering to pay any balance which might on such settlement be found due by him; which the said Bank neglected and refused to do.

The bill further charged, that the said Bank had ceased to do, perform, or transact any business as a bank, by which the complainant or other stockholders similarly situated with himself, could be at all benefited, or upon which any persons except the officers of said Bank could be benefitted; on the contrary, the complainant charged, that he had been informed, and believed it to be true, that there had not been the assemblage of any number of competent directors and officers of the said institution, sufficient to the lawful discharge of the business of the said Bank, for a long

space of time, and he well doubted whether there would be again; that he had been informed, and believed, that it was the intention of the said Bank to collect all it might have it in its power to do, and cease to transact any other banking business.

The bill further charged, that said Bank kept and retained under pay, a number of salaried officers, clerks and others, who had little or no duties to perform, and who in fact performed none in which the said complainant, as a stockholder, could have the slightest interest, so long as the said Bank was or should be managed as it then was and had been for a long time; the pay and emoluments of which said officers were daily consuming the money paid into said Bank by the complainant and others, with the profits which had been made by the operations of said Bank previously, to a portion of which profits, he, as such stockholder, was justly entitled, and which, according to said agreement, he ought long before to have received.

The bill further charged, that said Bank received the said $6,000, and ordered the balance purporting to be due on the execution, to be collected out of the said complainants, in violation of all and every part of said agreement, when the said $6,000 was more than sufficient to pay all the demands of said Bank against the complainant upon a fair settlement and allowance of the just sets-off to which he was entitled, and upon which he had intended to rely in his defence to said action, on the appeal.

The bill further charged, that if the said Bank should be permitted to collect the said balance, the sums to which the complainant was entitled would be totally lost, or he would have to resort to suits and vexatious litigation against persons to him unknown, and that his lands would remain encumbered with the said mortgage for a time, which he had no means of ascertaining or preventing, and which might, and probably would be still further encumbered by the fraudulent practices of said Bank.

The bill further charged, that the said complainant had applied to said Bank and to said Joseph Rucker, the president thereof, to come to a fair settlement with the complainant, and to comply specifically with the said agreement, and to cause the said execution to be returned satisfied.

The bill concluded with a prayer that the said Bank might, by order and decree, be compelled, specifically to perform the aforesaid agreement, and for an injunction which might be made per-

petual, and for other and further relief. The bill was sworn to, by Moses G. Bradbury, one of the complainants.

The bill was answered by Joseph Rucker, President, William B. White, Cashier, and Peter Alexander, Bedford Harper and Joseph Blackwell, Directors, of the Ruckersville Bank, and was sworn to by them. There was no answer by the Ruckersville Bank under any corporate seal.

The answer filed, positively denied the agreement alleged in the complainants' bill, and also, the alleged defence of the complainant, James Hemphill.

On the 9th day of January, 1847, a rule was granted at chambers, calling upon the complainants to show cause at the court house in Cassville, on the 23d day of that month, why the injunction should not be dissolved upon the following grounds :

1st. Because there is no sufficient equity in said bill to entitle the complainants to any discovery from, or decree against, the defendants in a court of equity.

2nd. Because the answer of the defendants has been filed, swearing off all the equity (if there is any) in the bill. The complainants, by their counsel, appeared in obedience to this rule, and excepted to the answer. The exceptions were sustained, and the rule dismissed. Afterwards, on the 10th day of June, 1847, a regular term of the Court below having intervened, and no answer to the exceptions having been filed, a second rule was granted at chambers, calling upon the complainants to show cause on the 10th day of July thereafter, at the court house in Cassville, why the said injunction should not be dissolved, on the following grounds, to wit :

1st. Because the answer of the defendants has been filed, swearing off all the equity in the bill.

2nd. Because there is no sufficient equity in the bill to authorize a court of equity to make any decree against the defendants.

The complainants, by their counsel, appeared in conformity with the requirements of said rule, and on the argument, objected, and the Judge below determined, that the Ruckersville Bank, the defendant, had not filed any answer. The complainants then objected, that they could not be called on to show further cause, as the Court did not possess the power to call them to trial at chambers to resist the dissolution of an injunction, or to make any order for such dissolution, until the answer of the defendants had been filed ; the complainants also objected, on the ground that a

rule had been once before granted, calling complainants to show cause against the dissolution of the same injunction, which had been argued, and upon argument the Court had refused to dissolve the said injunction; and that this was a second rule which the Court had no right to grant when the regular term of the Court had intervened and been holden between the granting of the first and second rule, to show cause at chambers. And also, the complainants insisted that the bill made a case entitling them to relief; and further, that they would move at the next Superior Court of Floyd county, to amend the bill so as to charge that the Ruckersville Bank had settled all the business of the Bank, except what is in litigation in this suit, and that this last fact had come to complainants' knowledge since the last term of Floyd Court. And upon all these grounds, the complainants insisted against, and objected to dissolving the said injunction. All which were overruled by the judge below, and the following order passed.

"This case came before me on this day, on the motion of the defendants, on the two grounds stated therein, when the solicitor for the complainants objected to the injunction being dissolved, 1st, because the case had been before the Court heretofore, and the Court refused to dissolve the injunction, on the ground that the bill had not been fully answered, and ordered the defendants to answer over, various exceptions having been filed to the answer; and 2ndly, because the Ruckersville Bank had filed no answer, the answer filed not being under the seal of the corporation, but was sworn to by certain persons styling themselves the President, Cashier and Directors. The Court overruled the first objection, but determined that a corporation could only file its answer to a bill in equity, under its corporate seal, and that an answer sworn to by the president, cashier and directors, he would treat as no answer of the corporation; but the answer in this case, he would consider as the answer of Joseph Rucker only, who is a party to said bill. But the Court further determined and ordered, that the injunction be dissolved, upon the ground that there is no sufficient equity in the bill to authorize a court of equity to make any decree against the defendants; and 2ndly, that the bill has never been sworn to properly, as it appears on the face of the bill that James Hemphill is the only complainant who could know any thing about the material charges in the bill, and Moses G. Bradbury is the only complainant who has sworn to it."

To the overruling of which said objections, the dissolving of the injunction, and the making of said order, the complainants excepted.

UNDERWOOD, for the plaintiffs in error.

No counsel appeared for the defendants.

*By the Court.*—WARNER, J., delivering the opinion.

The judgment of the Court below, dissolving the injunction, is the ground of error assigned in this cause.

It appears from the record, that on the 23d day of January, 1847, the Court below refused to dissolve the injunction on the ground, that the answer of the defendants was not sufficient, and sustained exceptions thereto. On the 8th July, 1847, the defendants made another motion for the dissolution of the injunction, at chambers, (a regular term of the Court having intervened,) upon two grounds :

1. Because the answers of the defendants had been filed, swearing off all the equity in complainants' bill.

2. Because there is no sufficient equity in the bill to authorize a court of equity to make any decree against the defendants.

On the argument of the motion to dissolve the injunction, the complainants insisted that the motion could not be entertained, for the reason that there had been a similar motion made once before, and refused by the Court. The record discloses the fact, that the first motion to dissolve was refused because the answer was not sufficient, and the exceptions taken thereto were sustained by the Court; and we are of the opinion that this objection was properly overruled by the Court below; nor can we see any good reason why the complainants should object that the motion to dissolve was not made at the regular term of the Court, as the injunction continued to operate in *their favour* until the motion to dissolve was afterwards made at chambers, pursuant to the 4th Equity Rule of Practice.

The complainants further objected to the dissolution of the injunction in the Court below, as appears from the decision of the Court contained in the record, " Because the Ruckersville Bank had filed *no answer ;* the answer filed not being under the *seal* of the corporation, but was sworn to by certain persons styling themselves the president, the cashier, and the directors. The Court

determined that a corporation could only file its answer to a bill in equity under its corporate seal, and that an answer sworn to by the president, cashier and directors, would be treated as *no answer of the corporation ;* but that the answer in this case would be considered as the answer of Joseph Ruckers only, who is a party to said bill. But the Court further determined and ordered, that the injunction be dissolved, upon the ground that there is no sufficient equity in the bill to authorize a court of equity to make any decree against the defendants, and that the bill has never been sworn to properly, as it appears on the face of the bill that James Hemphill is the only complainant who could know any thing about the material charges in the bill, and Moses G. Bradbury is the only complainant who has sworn to it."

We have thus given the decision of the Court below in full, as the same appears in the record, because we concur in the judgment of the Court dissolving the injunction, but do not concur in the judgment of the Court below as to the *grounds* upon which its judgment was predicated.

Independently of the answers of the defendants, we are of the opinion that there is sufficient equity in the bill to authorize a court of equity to make a decree against them, in favour of the complainants.

The complainants charge, that there was a verbal agreement entered into in the month of August, 1843, on the part of the defendants and James Hemphill, one of the complainants, by which it was distinctly stipulated and agreed, in consideration that the complainants would withdraw an appeal then pending in a suit instituted by the defendants against the complainants on the note mentioned in the record, and surcease their defence thereto, and would at the next ensuing term of Floyd Superior Court confess a judgment to the defendants in the bill, for the amount of the note sued on, the defendants would wait, and stay all further proceedings in said case until the 1st day of April, 1844, at which time the defendants would enter into a full and fair settlement with the complainants, and receive in full settlement and satisfaction of the judgment so confessed, the sum which might be equitably due after allowing James Hemphill, as a payment thereon, the sum of $1,400, paid to the Ruckersville Bank as stated in the record, and would also allow him all that should be due him as profits or dividends, and give up, or cause to be given up to him, the mortgages in the record mentioned, and release, or cause to be released, the

lands of Hemphill from all incumbrances, and receive back the stock of the bank; which agreement, the complainants charge, they have no means of proving, except by the answers of the defendants.    The complainants further charge, that, relying on the said agreement, and not doubting the fidelity of the defendants in complying with the same, they dismissed their appeal, and the judgment for the full amount of the note sued on was confirmed, and that they have paid over to the sheriff of Floyd county, in part satisfaction of said judgment, the sum of $6,000, the same being as much or more than would have been due to the bank on a fair settlement.    The complainants allege that they have complied with the agreement, but that the defendants have refused to perform any part of the agreement, and are enforcing the collection of the balance due on the judgment, which balance would have been extinguished by a fair settlement made according to the terms of the agreement, and by allowance of the sets-off to which the complainant Hemphill is entitled, and upon which he intended to rely in his defence to said action, on the appeal which was pending at the time of the agreement charged and set forth in complainants' bill.    Taking all the charges in complainants' bill to be true, we are of the opinion that a strong case for the exercise of the equitable jurisdiction of the Court is most clearly made out; and that the injunction ought not to have been dissolved on the ground that there was *no equity* in the complainants' bill which would authorize a decree in their favour.

Nor do we think the injunction ought to have been dissolved on the ground that the complainants' bill was not properly sworn to, as stated in the opinion of the Court below.    The statements in the bill are verified by the affidavit of Moses G. Bradbury, one of the complainants; and that, in our judgment, is sufficient. If the bill was not properly verified by affidavit, then it ought not to have received the sanction of the chancellor when the application for the injunction was made to him; but there was no error on the part of the Court below in granting the injunction in the first instance: for, as we have already seen, the allegations contained in the complainants' bill, make a strong case for the equitable interposition of the court, and, in our judgment were sufficiently verified by the affidavit of Bradbury, one of the complainants, to authorize the writ of injunction to issue.    An injunction-bill must be verified by affidavit.    1 *Mad. Ch.* 126.    The affidavit is usually made by the plaintiffs, or one of them; but may

be sworn to by any person acquainted with the facts.    1 *Smith Ch. Prac.* 595.

[2.]    This bill was filed against the Ruckersville Bank and Joseph Rucker, and process of subpœna prayed against both.    It is true, that when a bill is filed against an aggregate corporation, the corporation *may* answer under their common seal; but it is to be remarked that the act of 1838, under which the Ruckersville Bank was organized, does not authorize the individuals who may associate themselves together for the purpose of banking, to have and use a *common seal.    Hotchk.* 346.

Although a corporation aggregate, authorized by law to have and use a common seal, *may* file their answer to a bill in equity under their corporate seal,  yet, it has been held, that an injunction against a corporation cannot be dissolved on such an answer, unless the answer is *duly verified* by the oath of some of the corporators who are acquainted with the facts stated therein.    *Fulton Bank* vs. *The New York & Sharon Canal Company,* 1 *Paige Ch. R.* 311.

In that case, the chancellor says:  " Corporations answer under their seal, and without oath; they are therefore at liberty to deny every thing contained in the bill, whether true or false.    Neither can any discovery be compelled, except through the medium of their agents and  officers, and by making them parties defendants. But no dissolution of the injunction can be obtained, upon the answer of a corporation which is not duly verified by the oath of some officer of the corporation, or other person who is acquainted with the facts contained therein.    There can be no hardship in this rule as applied to corporations, as it puts them in the same situation with other parties; other defendants can only make a positive denial as to facts within their own knowledge; *in* relation to every other matter, they must answer as to information and belief. If the agents of the institution under whose direction the answer is put in, are acquainted with the facts, so as to justify a positive denial in the answer, they can verify its truth by a *positive affidavit;* and if none of the officers are acquainted with the facts, their information and belief can have no greater effect than that of ordinary defendants, however positive the denial in the answer may be."    The rule stated in the case of the *Fulton Bank* vs. *The New York & Sharon Canal Company,* meets with our entire approbation, and we therefore accept it.

The answer in the case now under consideration, was not only

verified by the affidavit of the president of the Bank, but also by the cashier and three of the directors thereof, which in our judg-ment was a good answer for the purpose of dissolving the injunction; certainly, the complainants could not object because the defendants had *individually* sworn to the answer.

Ought the Court below to have dissolved the injunction on [3.] the first ground taken in the rule, " because the answers of the defendants had been filed, swearing off all the equity in the bill ?"

The general rule undoubtedly is, as stated by this Court in *Moore* vs. *Ferrell et. al.*, 1 *Kelly R.* 9, that on the coming in of the answer, *plainly and distinctly denying the facts and circumstances* upon which the equity of the bill is based, the Court will dissolve the injunction. Although this is the *general rule*, and so recognised in the case of *Roberts* vs. *Anderson*, 2 *Johns. Ch. R.* 202, yet the learned chancellor in that case, said: "In *some particular cases*, the court will continue an injunction, though the defendant has fully answered the equity set up. The granting and continuing of the process must always rest in sound discretion, to be governed by the nature of the case." The case of *James* vs. *Lemly*, 2 *Iredell Eq. R.* 278, is to the same effect.

We are of the opinion, that the answer of the defendants plainly and distinctly, and quite satisfactorily, meets and denies all the facts and circumstances upon which the complainants' equity is based.

The equity of the complainants is based on the *verbal* agreement alleged to have been made in August, 1843, between Hemphill and the defendants.

The defendants most *explicitly* deny that any such agreement was ever made, and the letter written by Wm. B. White, one of the defendants, (and who was the cashier of the Bank,) to their attorneys by Hemphill, dated 28th August, 1843, and which is attached as an exhibit to their answer, strongly corroborates the truth of such denial.

It is our opinion, that the injunction ought not to have been dissolved on the ground that there was no sufficient equity in the bill to authorize a court of equity to make any decree against the defendants; nor ought the injunction to have been dissolved on the ground that the bill was not properly sworn to by Moses G. Bradbury, one of the complainants; but it is our judgment, that the injunction ought to have been dissolved by the Court below, on the ground that the answer of the defendants plainly

and distinctly denies all the facts and circumstances charged in the bill, upon which the complainants' equity is based. Therefore, let the judgment of the Court below stand affirmed.