Johnson *vs.* Stewart.

---

THOMAS W. JOHNSON, plaintiff in error, *vs.* THOMAS J. STEWART, guardian, defendant in error.

When an injunction was granted upon the *ex parte* application of the complainant in the bill, which *ex parte* order, so granted by the Judge in vacation, was excepted to by the defendant, and brought up to this Court without having made any motion before the Judge to revoke or dissolve the injunction, as provided in the 3151st section of the Code : *Held*, that the granting of the *ex parte* order for an injunction was not such a judgment, decision or decree of the Judge, *heard* at Chambers, as entitles the defendant to except to the same, and bring it before this Court by writ of error under the 4192d section of the Code.

Bill of Exceptions. Equity Practice. Before Judge CLARK. Lee county. Chambers. August, 1869.

Stewart, as guardian of a female minor, filed his bill against Johnson, and upon the facts averred therein, prayed the Chancellor for an injunction against Johnson's selling certain land and notes therein mentioned, and that said property be put into the possession of a Receiver, etc. On the 26th of August, 1869, the Chancellor ordered *subpœna* and injunction to issue, and appointed a Receiver to take charge of, and control and manage said property as prayed for.

On the 3d of September, 1869, without any motion having been made to vacate or modify said *ex parte* order, Johnson's solicitors made out a bill of exceptions, averring that the said action of the Chancellor was erroneous, because there was no equity in the bill, because Stewart had an adequate common law remedy, and because the averments in the bill did not show any necessity for an injunction or a Receiver, and because Johnson had no notice of the application for said Receiver, and had the bill of exceptions duly certified, filed and served. When the cause was called here, counsel for Stewart moved to dismiss the same, upon the ground that, for want of a motion below to vacate or modify said order previously had, the cause was prematurely brought up.

F. H. WEST, G. W. WARWICK, for plaintiff in error.

HAWKINS & BURKE, for defendant in error.

WARNER, J.

There was no motion made before the Judge to dissolve the injunction upon notice to the opposite party, as required by the 3151st section of the Code. The granting of the *ex parte* order by the Judge for an injunction was not such a judgment, decision or decree of a Judge, *heard* at Chambers, as entitles the defendant to except to the same, and bring it before this Court by writ of error, under the provisions of the 4192d section of the Code.

Let the writ of error be dismissed.