ISAAC P. TISON AND WILLIAM H. BALDY, plaintiffs in error,
v. JAMES MORGAN, defendant in error.

(Atlanta, June Term, 1870.)

QUO WARRANTO—WRIT OF ERROR—CERTIFICATION
OF RECORD BY CLERK OF COURT.—In a contest between M.
and T., as to which of them was Clerk of the Superior Court, the
Court decided against T., who was in office. He sued out a writ of
error, took no supersedeas, and his deputy certified the record to
this Court. The writ of error was dismissed, because the record was
not certified by the Clerk of the Court.

Quo Warranto.    Practice.    Supreme Court.

This was a proceeding before Judge Clark, by Morgan aver-
ring that Tison held the office of Clerk of the Superior Court
of Lee county, without lawful warrant, that he, Morgan, was
the Clerk, and prayed to oust Tison. After an investigation,
on the 16th of April, the Judge ordered Tison and his deputy,
Baldy, to deliver the office and its books and papers to Mor-
gan, as the rightful Clerk, giving them a suspension of ten
days to except to his decision. Tison and his deputy sued
out a writ of error, upon various grounds. On the 23d of
April the bill of exceptions was filed, and the Judge then re-
voked said order of the 16th of April. The filing of the bill
of exceptions in office, its service and the transmission of it,
and the record here, were made by Baldy, as Deputy Clerk.
No bond for costs appears.

When the cause was called here, upon motion of defendant's
counsel, it was dismissed, because these official acts were not
performed by the Clerk, there having been no supersedeas of
the judgment ousting Tison.

*Hawkins & Burke, F. H. West, George W. War-
wick, for plaintiffs in error.

Lyon, DeGraffenreid & Irvin, for defendant.

---

R. M. McCREE, plaintiff in error, v. the MAYOR AND COUNCIL
OF AMERICUS, defendant in error.

(Atlanta, June Term, 1870.)

APPELLATE PRACTICE—BILL OF EXCEPTIONS PREMA-
TURELY BROUGHT.*—Pending the bill below, this court can not
review the action of the Court below, upon an injunction, etc. (R.)
(Note.—During this term many other like causes were dismissed
or withdrawn upon the same ground.) This is changed by Act of
29th October, 1869, q. v.

---

*APPELLATE PRACTICE—ERROR TO INTERLOCUTORY
JUDGMENTS.—See foot-note to Nacoochee, etc., Min. Co. v. Davis,
40 Ga. 309.
"Shortly before the act of 1870, it was held by this court that inter-

· Writ of Error.   Interlocutory Orders.   From Sumter county. ,

McCree filed a bill against the Mayor and Council of Americus, to restrain them from erecting a nuisance.   Judge Clark, the Chancellor, ordered them to show cause why the injunction should not be granted.   On the 26th of March, 1870, they showed cause, and upon the pleadings and affidavits being read and argument had, the Chancellor refused the injunction. McCree sued out his bill of exceptions, to correct alleged errors in said action.

When the cause was called here, it was dismissed, upon motion of defendant's counsel, because it was prematurely brought up, under the ruling in the Nacoochee Hydraulic Hose Mining Company v. Davis, 40th Georgia Reports, 309, q. v.

Goode & Lumpkin, by Tignor, for plaintiff in error.
Fort & Hollis, for defendant.

locutory rulings on injunctions, not being final judgments within the meaning of § 4250 of the Code, could not be brought here at all by a separate writ of error whilst the main cause was pending below.   (Nacoochee, etc., Mining Co. v. Davis,) 40 Ga. 309; (McCree v. Americus,) 41 Ga. 411; (Sparks v. Maxwell,) 41 Ga. 421; (Glass v. Clark,) 41 Ga. 544.   The act of 1870 met these decisions by putting an end to all ex parte injunctions and providing for temporary restraining orders in urgent cases until a hearing could be had after notice to the defendant.   The hearing provided for was to take place in conformity to the rules of law already existing for granting and dissolving injunctions; that is, what had previously been two proceedings now became one, and whatever showing the defendant might formerly have made by answer, affidavits, etc., on a motion to dissolve, was now to be made in resistance to the granting of the injunction. The complainant was to come in with all that he could urge in favor of the application, and the defendant with all that he could oppose to it, and thus a full and complete hearing was to be had.   Either party was allowed to take up the decision for review in the manner pointed out by section of the Code 3213, to be heard as directed by that and the succeeding section.   But we look in vain through the act of 1870 for any separate proceeding to dissolve an injunction, or any right to a writ of error thereon under that act."   Kaufman v Ferst, 55 Ga. 352.