JAMES M. SPARKS, plaintiff in error, *v.* JAMES MAXWELL, and wife, defendants in error.

(Atlanta, June Term, 1870.)

DISMISSAL OF CAUSE—PROVIDENTIAL ABSENCE OF COUNSEL—REINSTATEMENT.—If counsel be detained from Court providentially, and in his absence his cause be dismissed, for want of prosecution, it may be reinstated. (R.)

APPELLATE PRACTICE—ERROR TO INTERLOCUTORY JUDGMENT.*—†No writ of error as to the decision of a motion as to injunction, will be heard in the Supreme Court while the cause is pending below. (R.)

Practice. Supreme Court. From Spalding County.

Judge Green refused an injunction prayed for by Sparks against Maxwell and wife, and Sparks' counsel sued out a writ of error.

When the cause was called here it was dismissed for want of prosecution. Three days afterwards Sparks' counsel appeared, made affidavit as to the providential cause of absence when

---

*APPELLATE PRACTICE—ERROR TO INTERLOCUTORY JUDGMENT.—"Shortly before the act of 1870 it was held by this court that interlocutory rulings on injunctions, not being final judgments within the meaning of § 4250 of the Code, could not be brought here at all by a separate writ of error whilst the main cause was pending below. (Nacoochee Hydraulic Min. Co. *v.* Davis,) 40 Ga. 309; (McCree *v.* Americus,) 41 Ga. 411; (Sparks *v.* Maxwell,) 41 Ga. 421; (Glass *v.* Clark,) 41 Ga. 544. The act of 1870 met these decisions by putting an end to all ex parte injunctions and providing for temporary restraining orders in urgent cases until a hearing could be had after notice to the defendant. The hearing provided for was to take place in conformity to the rules of law already existing for granting and dissolving injunctions; that is, what had previously been two proceedings now became one, and whatever showing the defendant might formerly have made by answer, affidavits, etc., on a motion to dissolve, was not to be made in resistance to the granting of the injunction. The complainant was to come in with all he could urge in favor of the application, and the defendant with all that he could oppose to it, and thus a full and complete hearing was to be had. Either party was allowed to take up the decision for review in the manner pointed out by section of the Code 3213, to be heard as directed by that and the succeeding section. But we look in vain through the act of 1870 for any separate proceeding to dissolve an injunction, or any right to a writ of error thereon under that act." Kaufman *v.* Ferst, 55 Ga. 352.

"Section 5526 of the Civil Code expressly declares: 'No cause shall be carried to the supreme court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto.' In the case at bar, it appears only that an interlocutory hearing has been had in the court below, resulting in the granting of a temporary injunction. In no sense was the judgment thus rendered a final disposition of the case, as to the plain-

---

†Note.—This is changed by act of 29th of October, 1870. For the practice is such matters see said Act. (R.)

the cause was called, and asked to reinstate it. This was allowed.

422          *The writ of error was again dismissed because prematurely here.  See The Nacoochee Hydraulic and Hose Mining Company v. Davis, 40th Ga. R., 309.

Doyal & Nunally, for plaintiff in error.
D. J. Bailey, Speer & Beck, for defendants.

---

tiff in error or as to any other 'material party thereto.'  Johnson v. Stewart, 40 Ga. 167; Nacooche Hydraulic Min. Co. v. Davis, 40 Ga. 309; McCree v. Americus, 41 Ga. 411; Sparks v. Maxwell, 41 Ga. 421; Glass v. Clark, 41 Ga. 544.  There has been no legislation, since the decision of the cases just cited, which would authorize us to treat as final such a judgment as that now under review; and as it is not proper subject matter for a 'fast' writ of error, the case must be disposed of under the law and the rules of practice as understood and followed before the policy of allowing certain classes of cases to be speedily.brought to this court was adopted:  It is quite clear that even had the judge granted the motion to dissolve the injunction, as the plaintiff in error insists should have been done, the cause would still .have been left 'pending in the court below.'" Smith v. Willis, 107 Ga. 795, 33 S. E. Rep. 667.