Samuel Kaufman *et al.,* plaintiffs in error, *vs.* M. Ferst & Company *et al.,* defendants in error.

1. Proceedings contemplated by the Code, sections 3211 to 3216, relate to the granting or refusing of injunctions, receiverships, and other extraordinary remedies in equity, and not to dissolving injunctions, vacating receiverships, or setting aside orders on subsequent motions.

2. Consequently, a writ of error on the denial of a motion to dissolve injunction, etc., cannot be heard in the supreme court in the speedy manner provided by sections 3213 and 3214.

3. Such a writ of error being brought on a motion to dissolve injunction, vacate receivership and dismiss the bill, will not be dismissed because made returnable to the term of the supreme court in progress when the decision below was made; but, at the option of plaintiff in error, will be allowed to be entered for the next term.

Practice in the Supreme Court. Injunction. Receivers. Before the Supreme Court. July Term, 1875.

Reported in the opinion.

West & Cunningham; A. T. Akerman, for plaintiffs in error.

J. R. Suassy; Jackson, Lawton & Basinger; George A. Mercer; Howell & Denmark; Hartridge & Chisolm; W. U. Garrard, for defendants.

Bleckley, Judge.

On a bill filed in October, 1874, an injunction was granted and a receiver appointed. The complainants in the bill were the defendants in error, and they sued as creditors of the plain-

Kaufman *et al.* *vs.* Ferst & Company *et al.*

tiffs in error, who were non-residents of the state. One of the defendants in the bill was an agent of the plaintiffs in error, and was a resident, and carried on, in the city of Savannah, a banking business for his principals. A leading object of the bill was to hold the assets which were under the control of this agent, within the jurisdiction, to answer the demands of creditors. To that end the receiver was appointed to take charge of these assets; and the agent was enjoined from handing them over to his principals. The injunction likewise affected other defendants in the bill, who, as creditors of the plaintiffs in error, had commenced suits by attachment to collect their claims out of the assets. These creditors were restrained from further prosecuting their suits. The bill was defective in not praying for subpœna against the plaintiffs in error. They were thus not regularly made parties to it and were not such, at the time the injunction was granted and the receiver appointed. Afterwards, in March, 1875, this defect was cured by amendment. Not being otherwise served, they voluntarily appeared by counsel, in October, 1875, and acknowledged service. They immediately gave notice to the counsel of complainants of their intention to move to dissolve the injunction, vacate the receivership and dismiss the bill. In the following month they moved accordingly, and the motion being overruled by the court, their counsel sued out a writ of error, returnable to the present term of the supreme court. The defendants in error now move to dismiss the writ of error, on the ground that the decision complained of was made during the sitting of this court, after the commencement of the present term, and not being a decision upon an application for injunction or for the appointment of a receiver, or other extraordinary remedy in equity, the same is not subject to the expeditious review provided for by sections 3212, 3214, of the Code.

1, 2. The general rule is that bills of exceptions are to be filed here twenty days before the term at which they are to be heard: Code, section 4265. The present case, in so far as it relates to the motion to dismiss the bill in the court below, is

clearly within the rule.    An exception to the general rule exists, however, by the act of 1870, Code, *supra,* as to certain decisions in regard to injunctions, receivers, and other extraordinary remedies in equity.    But an examination of the Code from section 3211 to 3216, inclusive, will show that no decisions, even on these subjects, are embraced, unless they are made upon *applications* for injunction, receiver, or other extraordinary remedy.    When application has been made and granted, or made and refused, the exception holds, and the decision granting or refusing may be reviewed in the short way.    But after the application is granted, a subsequent motion made to dissolve, or vacate, or set aside, is not provided for unless by the general rule.    Shortly before the act of 1870 it was held by this court that interlocutory rulings on injunctions, not being final judgments within the meaning of section 4250 of the Code, could not be brought here at all by a separate writ of error whilst the main cause was pending below: 40 *Georgia Reports,* 309 ; 41 *Ibid.,* 411, 421, 544.    The act of 1870 met these decisions by putting an end to all *ex parte* injunctions and providing for temporary restraining orders in urgent cases until a hearing could be had after notice to the defendant.    The hearing provided for was to take place in conformity to the rules of law already existing for granting and dissolving injunctions; that is, what had previously been two proceedings now became one, and whatever showing the defendant might formerly have made by answer, affidavits, etc., on a motion to dissolve, was now to be made in resistance to the granting of the injunction.    The complainant was to come in with all that he could urge in favor of the application, and the defendant with all that he could oppose to it, and thus a full and complete hearing was to be had.    Either party was allowed to take up the decision for review in the manner pointed out by section of the Code 3213, to be heard as directed by that and the succeeding section.    But we look in vain through the act of 1870 for any separate proceeding to dissolve an injunction, or any right to a writ of error thereon under that act.    It is said by counsel that several cases have

been before this court since the passage of the act which must have come up under it, and that the original records, on examination, show that they did come up under it. We are referred to 51 *Georgia Reports*, 633; 52 *Ibid.*, 456; and 53 *Ibid.*, 206. In none of these cases does it appear that the question now before us was raised. It not unfrequently happens that both counsel and court take matters for granted, and pass them in silence when any serious agitation of them would bring out important legal results. A precedent which has no-characteristic but that of being a physical fact, is of very little consequence. Two cases seem to bear directly on the point we are considering. The first is *Armstrong vs. Lewis*, 48 *Georgia Reports*, 127. There a writ of error was dismissed, founded on the refusal of a motion to dissolve. It is true that the prior ruling of the judge in respect to granting the injunction had been to this court previously, but what weight that fact had in the determination is not indicated by the report. We adopt and follow the case irrespective of that particular element in it. The other case is that of *Ballin & Company vs. Ferst & Company*, 53d *Georgia Reports*, 551.

Holding, as we do, that the act of 1870 is confined to granting or refusing injunction, receivership, or other extraordinary remedy, and does not extend to dissolving, vacating or setting aside what has been already granted, we cannot entertain this writ of error at the present term because the plaintiffs in error moved as speedily as possible after they were made parties, and after they acknowledged service. Being out of the jurisdiction themselves, it was competent for the court to act upon their property within the jurisdiction, and upon their agent here, without their presence, and the court has so done. The question as to whether they were necessary parties to enable the court to act as it did act, must be regarded as decided, so far as it was requisite to deal with that question in granting the injunction and appointing the receiver. Doubtless, the decision made is not conclusive upon the plaintiffs in error; but it is not subject to be reviewed at their instance in any summary or indirect manner: 53d

*Georgia Reports, supra.* They are vitally interested in what has been done, but it is to be remembered that they are not enjoined, and the persons who are under injunction have had their day in court. And as to the receivership, if they were not within the jurisdiction to be notified when the proceeding took place which the statute subjects to a more speedy review than ordinary cases, it was their misfortune. Their property was here, and notice was given to their agent, which was all that could be required under the circumstances. The receiver holds for all parties concerned, and it is to be presumed that the rights of all will be duly protected.

3. Although we adjudge that the writ of error was improperly brought to the present term, we will not dismiss it for that reason. In 6*th Georgia Reports*, 113, there is a precedent for allowing it to be entered for hearing at the next term. If counsel for plaintiff in error wish it to take that direction, it may do so. As the motion below was to dismiss the bill as well as to dissolve the injunction and vacate the receivership, there can be no doubt that there is matter in the bill of exceptions which comes properly up for review, and will be in order for hearing at the next term.