COLLINS *et al. vs.* HUFF *et al.*

Where a day was set by the chancellor for the hearing of an application for injunction, and on a day previous to the appointed time, at the instance of complainants, the application was heard and an injunction refused, the refusal is not such a final decision as can be reviewed by writ of error.

Equity. Injunction. Practice in the Superior Court. Practice in the Supreme Court. Before Judge GRICE. Bibb County. At Chambers. December 18th, 1878.

Reported in the decision.

LYON & GRESHAM; J. L. HARDEMAN; W. DESSAU; HILL & HARRIS; WHITTLE & WHITTLE; C. L. BARTLETT; A. PROUDFIT, for plaintiffs in error.

BACON & RUTHERFORD; W. A. HAWKINS; LANIER & ANDERSON; SAM. W. JEMISON, for defendants.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that the bill of the complainants against the defendants praying for an injunction, was presented to the chancellor and filed in the clerk's office on the 16th of December, 1878, whereupon the chancellor sanctioned the bill, and ordered that the defendants show cause on the 24th day of December, 1878, why the writ of injunction should not issue as prayed for, and in the meantime granted a restraining order against the defendants. It also appears that on the 18th day of December, 1878, the chancellor revoked the restraining order as having been improvidently granted. The complainants' solicitors then requested that the application for injunction, which had been appointed to be heard on the 24th inst., be then and there determined as both parties were present. The defendants objected to said hearing at that time as they wished to answer the bill, but the com-

plainants insisting upon a decision at that time, the chancellor overruled the defendants' objections, and passed an order on the said 18th day of December, 1878, refusing the complainants' application for the injunction prayed for. Whereupon the complainants sued out their writ of error to this court.

When the case was called for a hearing here, the defendants made a motion to dismiss it on the ground that it had not been heard and decided as required by law so as to entitle it to be brought up to this court by writ of error, as provided by the 3212th and 3213th sections of the Code. The special court to which the defendants were notified to appear and show cause why the injunction prayed for should not be granted, was appointed to be held on the 24th day of December, 1878; that was the court recognized by law for the purpose of granting or refusing the injunction prayed for in this case, from the decision of which a writ of error would lie to this court. There is no provision of law that we are aware of, which would authorize a writ of error in an injunction case, on the statement of facts disclosed in the record before us. See *Kaufman vs. Ferst & Co.*, 55 *Ga.*, 350. The application for the injunction had not been heard at the special court appointed by the chancellor for that purpose on the 24th day of December, 1878, as required by the 3211th and 3212th sections of the Code, and until that application for the injunction had been heard and decided by the chancellor in the manner as provided by those two sections, the case could not be brought to this court by writ of error under the provisions of the 3213th section. Whether the complainants could have filed a bill of exceptions *pendente lite* to the interlocutory order of the chancellor revoking the restraining order, it is not necessary now to decide, but the complainants could not bring up the interlocutory order of revocation by writ of error to this court, because the chancellor, on the hearing of the application on the day appointed, might have granted the injunction prayed for, and the legal presumption is that he would have done so if the complain-

ants had shown themselves entitled to it. The complainants cannot complain that the chancellor refused the injunction before the time appointed for the hearing on the 18th of December, 1878, because they specially requested him to decide the injunction then.

Let the writ of error be dismissed.