## JONES, executor, *vs.* WARNOCK.

1. Where a temporary restraining order was granted, with leave to the defendants to move to set it aside on notice to the complainant, and on the hearing the chancellor refused to dissolve it, but ordered it to be continued in force until further order, this was in effect to grant a temporary injunction, and could be brought to this court by "fast" bill of exceptions.

(*a.*) If a case is properly brought up, but is entered as an injunction case on the docket of the pending term, when in fact it is not so, it will not be dismissed, but will be transferred to the docket of the next term.

2. The doctrine of *caveat emptor* applies to an administrator's or executor's sale, and a purchaser thereat cannot repudiate his bid because of a defective title or want of title in the decedent, when there is no fraud or misrepresentation by the administrator or executor. Nor will equity enjoin a re-sale at the purchaser's risk on his refusal to comply with his bid.

3. While in some cases state courts, by comity, may await the decision of a branch of the same case in a United States court, yet where in that court a decision was rendered with leave to the party against whom it was pronounced to appeal on terms, and there is no evidence of compliance with such terms, a state court will not enjoin the regular course of an administration to await further possible litigation.

Practice in Supreme Court. Administrators and Executors. Title. Vendor and Purchaser. United States Courts. Comity. Before Judge SNEAD. Burke Superior Court. November Term, 1881.

Reported in the decision.

H. E. W. PALMER; J. J. JONES, for plaintiff in error.

JNO. D. ASHTON; SALEM DUTCHER, for defendant.

JACKSON, Chief Justice.

1. A motion was made to dismiss this writ of error because it could not be brought here on a fast bill of excep-

tions. Even if it could not, it would not be dismissed, but ordered entered on the docket for next term, it being a case, even in the view taken of it by defendant's counsel, which could be brought to this court in the ordinary way. 55 *Ga.*, 350.

But it may be brought to this court as a fast bill of exceptions and tried at this term. It appears that a restraining order had been granted by the chancellor with leave to the defendant to move to set it aside on notice to complainant. No regular temporary injunction had been granted after a hearing, and this is the first hearing on the application for the temporary injunction that defendant ever had. The refusal to dissolve the restraining order is of itself a grant in effect of a temporary or interlocutory injunction, but the record shows that the chancellor not only refused to dissolve it but ordered it continued of full force until the further order of the court, which order is nothing more nor less than the granting of the interlocutory injunction after a hearing, and which may be brought here in this mode and returned to this term. During this term we held that all points ancillary to the grant or refusal of injunctions, or appointment of receivers, etc.. could be reviewed by this court under this statute in Code, §§3211, 3212, 3213.

2. Did the chancellor err in the grant of the injunction? It seems to us so, most clearly. The equity of the bill rests on the right of the purchaser at an executor's sale to repudiate his bid and resist a second sale at his risk, not because of any fraud in the executor or those selling for him, but because the title of testator was not good by reason of some defect in that title, on account of conduct years before of the testator in his lifetime. The ruling in 64 *Ga.*, 502, controls this case; there it is distinctly ruled that "a purchaser at administrator's sale cannot repudiate his bid because of a defective title, or no title at all in the intestate, when there is no fraud or misrepresentation by the administrator." Of course the principle

covers executors' sales.   There is no pretence of fraud or misrepresentation in the executor or commissioners, or anybody else connected with this sale; therefore the purchaser bought at his risk; the doctrine of *caveat emptor* applied ; he must pay what he bid, or suffer the land resold at his expense, if it should bring less a second time, and equity will not restrain the executor and commissioners from doing exactly what the law says they may do on his refusal to pay, that is to sell again at his risk to make the balance good, if the price should be less.  Hence the grant of the injunction restraining the second sale is error, and the judgment must be reversed on this ground.

3. It is unnecessary to go further.   If it were we should hold that the circuit court of the United States having decided the title in this testator to the property sold by the executor, and leave given on terms to this complainant to appeal to the supreme court of the United States, and no evidence being in this record that he had complied with the terms and thus had appealed, the courts of this state would not interpose by injunction to stop or suspend its own administration of justice to wait on the complainant until he had appealed and reversed the ruling against him in a court of the United States.   The state courts might in comity await the decision of that court in pending cases of a certain character, but never lock the wheels of justice here to await the contingency of more litigation there, which might never take place ; especially never by the harsh writ of injunction.

The judgment is therefore reversed on the ground that the chancellor erred in continuing the restraining order, and the case is remanded with instructions that the said order be dissolved and the sale be allowed to proceed. There is nothing in the point about the statute of limitation.

Cited for plaintiff in error: Code, §3655 ; Sup., 405 ; 3 *Ga.*, 435, 445 ; 30 *Ib.*, 915 ; 38 *Ib.*, 647, 514 ; 35 *Ib.*, 4 ; 42

*Ib.*, 386, 641 ; 47 *Ib.*, 660; 64 *Ib.*, 502 ; 54 *Ib.*, 166 ; 55 *Ib.*, 352 ; Code, §3212.

For defendant: Code, §3217; act of 1876, p. 100; 12 *Ga.*, 5 ; 30 *Ib.*, 20 ; 36 *Ib.*, 76 ; 40 *Ib.*, 535 ; 43 *Ib.*, 214 ; 53 *Ib.*, 350.

Judgment reversed.