## SMITH *v.* WILLIS.

1. A judgment sustaining a demurrer to a motion to dissolve an interlocutory injunction is not reviewable by a "fast" writ of error. This was, in effect, ruled in this case at the last term.
2. When the record in a case indicates that there has been no final adjudication thereof in the trial court, and contains nothing even suggesting the contrary, this court will, without further inquiry, treat the writ of error as having been prematurely sued out, and deal with it accordingly.

Submitted May 17, — Decided June 3, 1899.

Practice in the Supreme Court.

*Geiger & Peterson* and *E. D. Graham*, for plaintiff in error.
*J. H. Martin*, contra.

LUMPKIN, P. J. It appears from the record in this case, that upon an interlocutory hearing of a petition filed by Willis to enjoin Smith from working for turpentine purposes timber growing upon a certain tract of land to which the former asserted title, the judge granted a temporary injunction on condition that the plaintiff would within ten days file with the clerk of the court a bond in the sum of $1,000, to indemnify the defendant against any loss he might in consequence sus-

tain. With the terms of this order Willis duly complied. Subsequently Smith presented to the judge a motion to dissolve the injunction, to which motion Willis demurred on various grounds. The complaint here made is that the judge sustained the demurrer and refused to hear any evidence in support of the motion to dissolve the injunction previously granted.

1. The bill of exceptions sued out in this case was made returnable to the October term, 1898, of this court, and docketed accordingly. When at that term the case was called in its order, the point was raised that a "fast" writ of error would not lie to review an interlocutory ruling such as that excepted to by the plaintiff in error. Of this a doubt can no longer be entertained. Construing the provisions of the act of October 28, 1870 (first embodied in §§ 3211–3216 of the Code of 1873, and now embraced in §§4925 and 5540 of the Civil Code), this court, in *Kaufman* v. *Ferst & Co.*, 55 *Ga.* 350, distinctly held that "a writ of error on the denial of a motion to dissolve injunction, etc., can not be heard in the Supreme Court in the speedy manner provided" for by that statute. In support of this ruling, previous decisions to the same effect in *Armstrong* v. *Lewis*, 48 *Ga.* 127, and *Ballin & Co.* v. *Ferst & Co.*, 53 *Ga.* 551, were cited approvingly. Its correctness was also given distinct recognition in the subsequent cases of *Collins* v. *Huff*, 61 *Ga.* 633; *Jones* v. *Warnock*, 67 *Ga.* 484, and *Bleyer* v. *Old Hickory Distillery Co.*, 70 *Ga.* 725. It appears from the report of the case first mentioned, that on the argument here counsel insisted that several cases of like kind had "been before this court since the passage of the act which must have come up under it, and that the original records, on examination, show that they did come up under it," particular reference being made to certain cases in the 51st, 52d and 53d Georgia Reports. To this contention Bleckley, J., who delivered the opinion of the court, replied: "In none of these cases does it appear that the question now before us was raised. It not unfrequently happens that both counsel and court take matters for granted, and pass them in silence, when any serious agitation of them would bring out important legal results. A precedent which

has no characteristic but that of being a physical fact is of very little consequence." We are unable to offer a more satisfactory explanation to account for the fact that in a later case to which our attention has been directed, that of *Howard* v. *Lowell Machine Co.*, 75 *Ga.* 325, this court entertained and passed upon a writ of error the sole purpose of which was to review the action taken by the court below in sustaining a motion to dissolve an injunction and rescind the appointment of a receiver. Cer-. tain it is that the court did not undertake therein to review and overrule any of the prior decisions above referred to, nor was any ruling whatever made upon the point now under discussion. This being so, further comment upon that case would be unprofitable. In more recent decisions, wherein questions similar to that now before us were specifically dealt with, it has been uniformly held that in no instances other than those expressly provided for by statute can exception be taken by a "fast" writ of error to an interlocutory ruling made in the trial court. See, in this connection, *Hollinshead* v. *Lincolnton*, 84 *Ga.* 590; *Mathis* v. *Weaver*, 94 *Ga.* 730. Some of the foregoing cases were cited in the first headnote to the case now in hand when we were dealing with it at the last term, but no opinion was filed. See 105 *Ga.* 840. In disposing of cases of a somewhat similar kind, this court has given due consideration to the precise nature of the proceedings in which the questions ruled upon arose; and in determining whether or not the plaintiff in error had pursued his proper remedy, substance rather than mere form was carefully kept in view, to the end that the true character of the decision complained of might be correctly ascertained. As an instance in point, see *Mayor of Savannah* v. *Grayson*, 104 *Ga.* 105. What has just been said is also applicable to the case of *Jones* v. *Warnock*, supra.

After the court had, at the last term, announced from the bench its holding that the present bill of exceptions did not come within the provisions of law relating to "fast" writs of error, counsel for plaintiff in error requested that the case be transferred to the docket of the next succeeding term, in order that it might then be disposed of as though in the first instance made returnable to that term. See 105 *Ga.* 840. Without look-

ing further into the record, and reserving all questions involved, we allowed the case to take the direction suggested. This was in accord with a rule of practice which has frequently been followed in this court. *Chapman* v. *Stiles*, 6 *Ga.* 113; *Kaufman* v. *Ferst & Co.*, 55 *Ga.* 350; *Sheibley* v. *Ga. So. R. R. Co.*, 65 *Ga.* 107; *Jones* v. *Warnock*, 67 *Ga.* 484.

2. The case is now regularly before us for final disposition, having been again argued at the present term. Upon a painstaking inspection of the bill of exceptions and the record accompanying the same, we fail to find any statement or suggestion to the effect that there has been a final adjudication of the case in the lower court. Indeed, the recitals in the bill of exceptions point decidedly to the conclusion that there has not been. This being so, we do not regard it as our duty to send to the clerk of the trial court a "fishing" order for the purpose of ascertaining the exact truth in this regard. See *Barnett* v. *New South Association*, 105 *Ga.* 849. We are therefore constrained to treat this bill of exceptions as one prematurely sued out. Section 5526 of the Civil Code expressly declares: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." In the case at bar, it appears only that an interlocutory hearing has been had in the court below, resulting in the granting of a temporary injunction. In no sense was the judgment thus rendered a final disposition of the case, as to the plaintiff in error or as to any other "material party thereto." *Johnson* v. *Stewart*, 40 *Ga.* 167; *Nacoochee Hydraulic Mining Co.* v. *Davis*, Ibid. 309; *McCree* v. *Mayor & Council of Americus*, 41 *Ga.* 411; *Sparks* v. *Maxwell*, Ibid. 421; *Glass* v. *Clark*, Ibid. 544. There has been no legislation, since the decision of the cases just cited, which would authorize us to treat as final such a judgment as that now under review; and as it is not proper subject-matter for a "fast" writ of error, the case must be disposed of under the law and the rules of practice as understood and followed before the policy of allowing

certain classes of cases to be speedily brought to this court was adopted. It is quite clear that even had the judge granted the motion to dissolve the injunction, as the plaintiff in error insists should have been done, the cause would still have been left "pending in the court below." It necessarily follows that we have no jurisdiction to pass upon the questions presented by this bill of exceptions, and accordingly, the writ of error is

*Dismissed. All the Justices concurring.*