## KENNEDY *et al v.* EDENFIELD.

"Though a writ of error will lie to an order granting or denying an injunction, it will not lie to an order granted pending the application, rescinding a previous temporary restraining order." *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094). Such an order is not a final adjudication of the case, and the writ of error sued out to review the same is premature and must be dismissed under the provisions of section 6138 of the Civil Code.

No. 4364.   FEBRUARY 20, 1925.

Petition for injunction.   Before Judge Sheppard.   Tattnall superior court.   April 12, 1924.

A petition was filed by M. C. Kennedy and Lucius Kennedy against Mrs. Fleetie Edenfield. It is alleged that Mrs. Edenfield is the mother of petitioners and several other children by the father of petitioners; that on the death of the father of petitioners the mother, in consideration of all the children of D. M. Kennedy (her first husband) relinquishing to her all their interest in the estate of their father, alleged to be of the value of $1000.00, contracted and obligated herself to convey to petitioners and her other children two described parcels of real estate, reserving to herself a life estate therein; that petitioners have complied with their agreement and permitted their mother to have the entire estate of their father, and that they would not have done so but for her agreement as above stated; that the defendant who is forty-eight years old has recently married a young man thirty-three years old and now declines and refuses to convey the two pieces of real estate in accordance with her agreement and is endeavoring to sell and dispose of the same without complying with her obligation in that respect, and that petitioners have no remedy at law to prevent the defendant from disposing of said real estate. The prayers are that defend-

ant be compelled by decree to convey said real estate to the petitioners and her other children to take effect at her death; that she be enjoined from disposing of the same; for general relief and process. The answer of the defendant denies the making of the contract alleged in the petition and avers that petitioners negotiated a sale of all the property of the estate of D. M. Kennedy, and that the proceeds were applied to the payment of debts against his estate which amounted to $142.55 more than the amount realized from said sale, this amount being paid by defendant. The court granted a temporary restraining order and rule nisi calling upon the defendant to show cause, on Nov. 30, 1923, "why this restraining order should not be continued of force." The bill of exceptions recites that for good reasons the hearing was continued and finally heard in January of this year, 1924; that the court "rendered a judgment dissolving said restraining order as formerly granted," and to this order and judgment of the court these plaintiffs in error except and assign the same as error. The essential portion of the judgment upon which error is assigned is in the following language: "The foregoing temporary restraining order granted on November 5th, 1923, came regularly to be heard under proper orders of the court, and by agreement of counsel, and after hearing the evidence and the argument of counsel, and after further consideration it is ordered that the temporary restraining order heretofore granted be and the same is hereby dissolved." The defendant in error moved to dismiss the writ of error, for the reason that the dissolution of the restraining order was not a final adjudication of the case.

*H. H. Elders* and *C. L. Cowart,* for plaintiffs.

*M. Price* and *J. T. Grice,* for defendant.

RUSSELL, C. J. In this case a motion is made to dismiss the writ of error, upon the ground that the same is premature and falls within the provisions of section 6138 Civil Code of 1910. Under very numerous decisions of this court we have no option other than to dismiss the writ of error. Following the decision in *Hollinshead* v. *Lincolnton,* which we have quoted in the headnote, the same rule has been applied, without exception, in the following cases. *Smith* v. *Willis,* 107 *Ga.* 792 (33 S. E. 667); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Ivey* v. *Rome,* 126 *Ga.* 806 (55 S. E. 1034); *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541);

*Young* v. *Harris,* 146 *Ga.* 338 (91 S. E. 39) ; *Higgins* v. *Gaines,*
150 *Ga.* 786 (105 S. E. 371) ; *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S.
E. 96) ; *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45) ;
*Pennington* v. *Macon County Bank,* 156 *Ga.* 767 (120 S. E. 107).
In the case before us it would seem at first blush that whatever
rights the petitioners might have under the facts stated in the
petition might be destroyed by the refusal of the court to grant the
injunction prayed for, and that a ruling affirming the judgment of
the trial judge would leave the petitioners remediless, in violation
of the great cardinal principle that for every wrong the law provides
a remedy; but keeping in mind the provision of the Civil Code, §
6138, as to exceptions pendente lite, which may be considered by
this court after the termination of the litigation in the lower
court, it will be readily seen that a remedy *has* been provided.
Furthermore, the very pendency of the litigation (for the suit is
still pending in the lower court) will protect the petitioners, under
the doctrine of lis pendens.   So we simply follow all of our prior
rules in dismissing the writ of error, the more readily because the
action of the trial judge in dissolving the temporary restraining
order does not prejudice any of the rights, if rights they be, sought
to be asserted by the petitioners.

　　　　　　　　*Writ of error dismissed.   All the Justices concur.*