## JAMES et al. v. WILKERSON et al.

Though a writ of error will lie to an order granting or denying an injunction, it will not lie to an order rescinding a previous temporary restraining order. Such an order is not a final adjudication of the case, and the writ of error sued out to review the same is premature and must be dismissed under the provisions of section 6138 of the Civil Code.

No. 5528. APRIL 16, 1927.

Petition for injunction. Before Judge Sheppard. Tattnall superior court. May 31, 1926.

W. T. Burkhalter, for plaintiffs.

P. M. Anderson, for defendants.

RUSSELL, C. J. The case before us has many features of interest, the discussion of which would be pleasurable but not profitable, because, in scrutinizing the record for the purpose of ascertaining the merits of the assignments of error in the bill of exceptions, we find the court is without jurisdiction to adjudicate these questions. The order and judgment to which exception is taken is as follows: "The within case coming on under regular order of the court to be heard, and after hearing the evidence and argument of counsel, and consideration of same, it is the judgment of the court that the restraining order heretofore granted be and the same is hereby vacated and set aside. This the 31st day of May, 1926. Walter W. Sheppard, Judge S. C. A. J. C. of Ga."

In Kennedy v. Edenfield, 159 Ga. 816 (126 S. E. 779), precisely the same point was presented in a ruling made by the same court, and the writ of error was dismissed, following the decision of this court delivered by Chief Justice Bleckley in Hollinshead v. Lincolnton, 84 Ga. 590 (10 S. E. 1094); and a large number of cases to the same effect are cited in the Kennedy case, supra, to which reference may be had. In addition to the cases cited, it may be said that more than fifty years ago, in Armstrong v. Lewis, 48 Ga. 127, this court held, where an injunction was refused by the chancellor and this judgment was reversed by the Supreme Court, and thereupon the defendants moved to dissolve the injunction, that although the Supreme Court had held that an injunction should not have been granted, the judgment of the superior court overruling the motion to dissolve could not be brought to the Supreme Court by bill of exceptions. If the refusal to dis-

Appeal and Error, 3 C. J. p. 461, n. 59; p. 558, n. 6; p. 559, n. 8.

solve an injunction which the Supreme Court has already held should not have been granted can not be reviewed, it follows naturally and logically that the dissolution of a restraining order for the same reason can not be reviewed while the case is still pending in the lower court. The provisions for exceptions pendente lite, as contained in section 6138 of the Civil Code, apply the proper means for securing a review after final judgment in the lower court. Among other older cases in which the principle stated in the headnote is announced are *Ballin* v. *Ferst, 53 Ga. 551, Kaufman* v. *Ferst, 55 Ga. 350,* and *Smith* v. *Willis,* 105 *Ga.* 840 (32 S. E. 92). On the converse of the proposition here involved, that a fast writ of error will not lie to a refusal to dissolve an injunction, the cases of *Smith* v. *Willis,* 107 *Ga.* 794 (33 S. E. 667), *Hanson* v. *Stephens,* 116 *Ga.* 722 (42 S. E. 1028), *Loyd* v. *Webster,* 116 *Ga.* 728 (42 S. E. 1013), and *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541), are in point.

In the case at bar we bear in mind the recent decision of this court in *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529), where the doctrine that a mere order dissolving a temporary restraining order is not reviewable by direct bill of exceptions was expressly recognized. In that case, it is true that the judge of the superior court in his order used the word "dissolved" with reference to the order theretofore granted, but, as pointed out by Mr. Justice Atkinson in that case, "The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction. 'There can be no order or judgment by inference or implication that can be the subject of review by an appellate court.' *Putnam Mills & Power Co.* v. *Stonecipher,* 151 *Ga.* 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed."

*Writ of error dismissed. All the Justices concur.*