FRANCES MURPHY, plaintiff in error, *vs.* TIMOTHY R. VAUGHAN, administrator, defendant in error.

1. The widow's claim for year's support will take precedence of any lien with which her deceased husband incumbered his title, but cannot go back and throw off liens which adhered to the title when he acquired it.

2. Parties at interest may, by consent, even where one of them has a legal advantage and might urge the principle of estoppel, treat the proceeds of property sold by an administrator as standing in the place of the property. The agreement of counsel in the present case qualifies the right of each party to the proceeds, just as it was qualified by law in respect to the property itself.

JACKSON, Judge, dissenting.

1. A mortgage in Georgia is only a security for a debt; it passes no title to the mortgagee: Code, section 1954; *Davis et al. vs. Anderson et al., 1 Kelly, 176.*

2. The purchaser from the mortgagor, therefore, acquires title to the property subject to the lien that the mortgagee has thereon; but such lien constitutes no title, it is only security for a debt.

3. If the mortgagor die, the title to the mortgaged property is in his estate; and that property so mortgaged is subject to distribution by his administrator, and all expenses of administration should be paid before the debt secured by the lien of the mortgage.

4. Among these expenses of administration the statute distinctly names twelve months' support of the widow and orphans of the deceased, as if to rank it higher than any debt and put its payment beyond peradventure, if the deceased died possessed of any property at all: *Elfe vs. Macon Building and Loan Association, 26th Georgia Reports, 197; Cole vs. Elfe, 23d Ibid., 235.*

5. The only property of which deceased, in the case at bar, died possessed, is personalty; certain furniture which he purchased from a mortgagor; that furniture, or its proceeds, is not enough to pay the debt due the mortgagee and the year's support. It was in his possession when he died. The title was in him, subject to the mortgage debt. It was administered as his property and sold as such, and the proceeds should first be applied to the expenses of administration, in which the statute includes the year's support for the widow and orphans: See Code, sections 2571, 2533; *Rust, Johnson & Company vs. Billingslea, 44th Georgia Reports, 306.*

6. It can make no difference in principle that the property was once partnership property, and deceased a member of the firm; the question is, did he buy, whose was the title at his death? Did it pass out of the partners into him, and was he possessed of it as his own at his death, subject only to the mortgage debt?

7. Where the mortgagee himself administers on the estate of deceased, returns the property in the inventory under oath, sells it as the property of

the estate, and thus solemnly swears repeatedly, and puts the oaths on record in the court of ordinary that the property and proceeds do belong to the estate of deceased, he is estopped by every principle of sound law and right reason from denying the title of his intestate : Code, sections 2516, 2517, 2522, 2523, 2525; *Benjamin vs. Gill, 45th Georgia Reports, 110.*

8.  The agreement of counsel to submit to the court the question of title under the facts agreed upon, does not waive the right of the widow to apply the doctrine of estoppel to the administrator, nor does it waive her right to that which the law gives her under the facts, her twelve months' support for her and her children; much less does such agreement waive the right of the infant children to their twelve months' support.

9.  Therefore, I think this widow and her children should have their year's support out of the proceeds of this property, and that the judgment of the court below should be reversed.

Administrators and executors. Year's support. Lien. Estoppel. Waiver. Before Judge GIBSON. Richmond Superior Court. October Adjourned Term, 1874. ·

Reported in the opinions.

JOSEPH GANAHL, for plaintiff in error.

FRANK H. MILLER, for defendant.

WARNER, Chief Justice.

This case came before the court below on an appeal from the court of ordinary as to the allowance of twelve months' support to the widow and two children of Daniel G. Murphy, deceased, under the provisions of the statute of this state providing therefor, on the following agreed statement of facts:

"On the 14th of December, 1871, W. C. Hewitt sold his interest in the Globe Hotel to Jackson & Julian, and took a mortgage on the furniture, etc.; that it was assigned to T. R. Vaughan January 1st, 1873, with the last note of Jackson & Julian, due January 1st, 1873, for $4,280 00; that early in 1872, Julian sold out his interest to Jackson, subject to this mortgage; that on the 23d of December, 1872, Murphy purchased from Jackson one-half interest in said furniture, subject to said mortgage, and entered into copartnership with Jackson, under the style of Jackson & Murphy; that on the

day of this assignment of said mortgage to Vaughan, Jackson & Murphy executed another mortgage to Vaughan to secure this note, and to cover all the furniture then in the hotel, and agreed to pay counsel fees of ten per cent. and expenses of foreclosure if not paid February 3d, 1873, to which period Vaughan extended the time of payment. These mortgages were foreclosed February 5th, 1873, and levied August the 10th, 1873; the firm of Jackson & Murphy was dissolved February 21st, 1873, by Murphy purchasing Jackson's interest, subject to this mortgage, and the business carried on alone by Murphy until his death, in the spring of 1874, he making payments on the mortgages from time to time, but never having paid off the same; the furniture was sold by T. R. Vaughan, who qualified as Murphy's administrator, pursuant to an order of the court of ordinary, he having taken out letters as creditor, on the 6th day of July, 1874. Furniture to the amount of $419 50 has been claimed by Frances Murphy, and the same turned over to her; she has also received $107 00 on account of her year's support. Beyond this furniture so mortgaged (except that in the hands of Mrs. Murphy) the said Murphy was possessed of no estate at the time of his death. The proceeds of the sale of this mortgaged furniture is $2,045 00, a sum not sufficient to satisfy the mortgages. This mortgaged furniture was duly inventoried and appraised and returned by Vaughan, the administrator and objector, as the property of Murphy, to the court of ordinary, was sold as the property of *Murphy's estate*, and the proceeds are now in the hands of Vaughan, as administrator of Murphy. The objector maintains that the estate of Murphy comprises only the equity of redemption of the mortgage; that is, the value of the furniture less the amount of the mortgage; the applicant maintains that the estate of Murphy comprises the whole value of the furniture." On this agreed statement of facts the court decided in favor of the objector; whereupon the applicant excepted.

1. The question presented on the special statement of facts contained in the record, is whether the widow of Murphy,

who purchased the property encumbered with a mortgage lien for the purchase money due therefor, at the time he purchased it, is entitled to a year's support out of the full value of the property as a part of her deceased husband's estate, or whether she is only entitled to the value of the property so purchased by her husband after discharging the mortgage lien which was on the property at the time of his purchase of it. The first mortgage on the property was not a lien created by Murphy himself, but was a lien on the property for the unpaid purchase money due therefor which was in existence at the time he purchased it, and the fair legal presumption is, that he paid that much less for it. The extent of Murphy's interest in the property, as the owner thereof, at the time of his death, was the value thereof after discharging the mortgage lien that was upon it at the time he purchased it, and his widow is not entitled to any greater interest in the property of her deceased husband for her twelve months' support than he had in it at the time of his death. If one purchases property free from encumbrances, and afterwards mortgages it, or judgments are obtained against him, and he dies, his widow will be entitled to her twelve months' support out of that property notwithstanding such morgage or judgment lien, because the statute declares that the provision for the support of the family shall be preferred before all other debts : Code, section 2571. But that is not the case now before us so far as the first mortgage mentioned in the agreement is concerned. That was not a lien created on the property by Murphy as the owner of it, but was a lien on the property when he purchased it, and therefore he became the owner of it subject to that lien, and his widow cannot claim any greater interest in that property than her deceased husband had in it at the time of his death.

2. If the widow had brought her action against the administrator in this case for the recovery of her twelve months' support out of the money in his hands arising from the sale of her deceased husband's property, we will not say that the administrator would not have been estopped from denying that he had the money in his hands in that capacity. She

has not done so, but has agreed to submit her claim for her twelve months' support out of certain described property, to the decision of the court on the special statement of facts contained in the agreement in the record, and upon that special statement of facts the court decided against her, and in our judgment, that decision should be affirmed, inasmuch as it is in accordance with the principle recognized and decided by this court in *Boon vs. Sirrine,* 38 *Georgia Reports,* 121. Whilst it is undoubtedly the policy of our law in this state, to make provision for the twelve months' support of the widow out of her deceased husband's *estate,* in preference to all other debts, it is not the policy of the law to make such provision for her twelve months' support out of the property of other people which did not belong to her husband at the time of his death.

Let the judgment of the court below be affirmed.

BLECKLEY, Judge, concurring.

There were two successive partnerships, each of which mortgaged the same property to secure the same debt, a debt of the first partnership. The second mortgage was not given to supersede the first, but was cumulative only. Each partnership consisted of two members, one of whom was common to both firms. This member, on the dissolution of the first firm, bought out his copartner, and, for a time, was sole owner. He then sold a half interest to a third person, by which means the second firm came into existence. Among the partnership assets in both these transactions, was the mortgage property; and the sale, each time, was made subject to the first mortgage. During the continuance of the second partnership the creditor granted an extension of the time of payment, and the second mortgage was executed by that firm as cumulative security. It, moreover, covered some additional property, and stipulated for the payment of counsel fees. Both mortgages were foreclosed, and shortly afterwards, the new partner bought out his copartner, and thus became sole ower of the property,

taking his copartner's interest subject to the mortgages. After this, the property was levied upon by virtue of the mortgage *fi. fas.*, and he made certain payments on the mortgage debt, but before discharging it died, leaving the property under levy, and a balance due on the debt. Instead of proceeding to sell by the sheriff, the creditor took out administration, and as administrator, had the property appraised, inventoried and sold as the property of the decedent's estate. The proceeds being in hand, the widow claimed, out of the same, the statutory allowance to herself and minor children for year's support; the administrator, as mortgagee, claimed the whole proceeds, the fund being less than the balance due on the mortgage debt.

The case was tried in the court below upon an agreed state of facts, and the only question submitted to the judge was whether the estate of the deceased comprised the whole value of the property or only the equity of redemption; that is to say, the value, less the unpaid mortgage debt. It was further agreed that should this question be decided in favor of the widow, she should have a verdict, and if against her she should take nothing. The property was under lien, both when the deceased purchased the first half interest, and when he purchased the second half. He took it subject to that lien. The whole legal title vested in him, but vested as it was in the hands of his vendor, incumbered. It is to be presumed that he gave a less price in consequence of the incumbrance; but whether he did or not, his purchase could not divest the creditor's right to be paid out of the property or its proceeds. The claim for year's support will take precedence of any lien with which the deceased owner incumbered his title, but cannot go back and throw of liens which adhered to the title when he acquired it. As against the mortgagee, the deceased had the mere legal title, or what, in Georgia, we loosely term the equity of redemption; and therefore, on the question submitted for decision, the case is with the mortgagee. The decisive fact is that the deceased was not a member of the first partnership by which the original paramount lien was created.

Murphy *vs.* Vaughan.

The morality of the rule now declared is, I think, as clear as the rule itself. It is not right that a man, while living, or his family after his death, should enjoy property free from encumbrance, when his purchase of it was made expressly subject to that encumbrance. Courts are organs of justice not of charity; and widows and orphans, like all other suitors, must endure the rigor of equal and impartial judgment.

JACKSON, Judge, dissenting.

The reasons for my dissent from the judgment pronounced in this case are clearly, if not fully, set out in the syllabus handed to the reporter. This court has decided, and the statute declares, that the year's support is part of the expenses of administration, and shall be paid like them in preference to all debts. In *Cole and children vs. Elfe,* 23 *Georgia Reports,* 235, it is ruled that such year's support is a superior lien to any debt the deceased *can make.* In *Elfe vs. The Macon Building and Loan Association,* 23 *Georgia Reports,* 197, it is ruled that the year's support has preference over a mortgage. *Rust, Johnson & Company vs. Billingslea,* 44 *Georgia Reports,* 306, decides that the year's support has preference over everything in the way of debt, and distinguishes between it and dower and homestead in this particular. In *Elfe vs. The Macon Building and Loan Association,* BENNING, judge, dissented, because he thought the mortgagee took little, but he stands alone. In *Davis et al., vs. Anderson et al.,* 1 *Kelly,* 176, the court, the present chief justice delivering the opinion, decided that the mortgagee in Georgia, takes no title; and it has been so ruled, either by a unanimous or majority court ever since, so far as I can ascertain. It follows that if A sells to B any property on a credit, and mortgages it for purchase money and die, the year's support is preferred to the mortgage in the distribution. I can imagine no harder case against the creditor than that, nor can I see any reason in the distinction between that case, and where B buys property already mortgaged by his vendor. The one is hard as the other.

Nor can I see what difference it can make that the vendor is a partnership, and the vendee one of the partners. The case of *Boone vs. Sirrine*, 38 *Georgia Reports*, 121, is clearly unlike this at bar. There the title never passed to the vendee, and the ruling is put on that ground. There was no sale to the deceased in that case. But the case of *Benjamin vs. Gill*, 45 *Georgia Reports*, 110, ought to conclude this case. There it is ruled expressly that trustees are estopped from setting up title adverse to the trust, and their actions and returns thereon. This administrator, who is the creditor, returned this property to the appraisers, swore that it was the estate's, sold it as the estate's, and is estopped from setting up title adverse to the estate. Out of his own mouth, his own oath, he is condemned, and this furniture is the estate's, and subject to distribution. The intestate held it as his own for fifteen months, paid this mortgage debt, in part, as his debt, died in possession of the property, and I think, in justice and equity, the widow and little ones ought to have one year's support out of it in preference to all debts, liens or encumbrances. I think the law wise. I am unwilling to fritter it down to a shadowy emptiness, by drawing invisible distinctions, but I stand upon the decisions of this court from its foundation to this time, and I think, upon the rock of justice, charity and benevolence, as well as the law. Besides all this, it has been repeatedly and distinctly ruled by this court that the sale of an administrator to pay debts diverts all liens; and the fund becomes subject to distribution under the rules of priority declared by the statute of distributions. In the cases cited below, it will be found that the reason given for divesting liens, is, that after death, a different rule prevails in regard to priority of dignity and right; and it is distinctly held that such sale divests the lien of *judgments* and of *taxes due the state or the United States*, at least, that expenses of administration, in which the year's support is included, come under the next head to the funeral expenses, then come taxes and debts due the state; and then trust debts; four classes are put before judgments or the vendor's lien: and I cannot see the greater

sanctity of a mortgage than all of these liens: *Sims vs. Ferrell,* 45 *Georgia Reports,* 585, 598; *Carhart vs. Vann,* 46 *Ibid.,* 389; *Stallings vs. Ivey,* 49 *Ibid.,* 274.