### BACON & CO. *v.* CAPITAL CITY BANK *et al.*

1. Where, upon the equitable petition of creditors, an injunction is granted and a receiver is appointed to take charge of the assets of a firm, such assets consisting of a large stock of goods and other property, and the order appointing the receiver directs him to dis-pose of the goods in a particular manner, and no exception is filed to the granting of the injunction or the appointment of the re-ceiver, but subsequently the judge modifies the original order as to the disposition of certain of the goods claimed by one of the credit-ors, that creditor can not file a bill of exceptions to the latter order and obtain a "fast" writ of error thereon and bring the case to this court for adjudication under section 5540 of the Civil Code.

(*a*) The plaintiffs in error having mistaken their remedy, and there appearing to be merit in their contention, leave is granted to enter the bill of exceptions, or the official copy of it retained below, as ex-ceptions pendente lite.

Argued October 17, 18,— Decided November 7, 1898.

Motion to dismiss writ of error.

*Hammond, Skeen & Langley,* for plaintiffs in error.

*Glenn, Slaton & Phillips, W. R. Brown, Rosser & Carter, King & Anderson, Goodwin, Westmoreland & Hallman, Ellis & Gray, Arnold & Arnold* and *Clay & Blair,* contra.

SIMMONS, C. J.   Upon the petition of various creditors, the assets of the firm of Moody & Brewster were placed in the hands of a receiver, and an injunction was granted against them and other parties to restrain them from interfering with or disposing of the assets.   Bacon & Co. intervened and made themselves parties before the granting of the injunction or the appointment of the receiver.   They claimed in their intervention that they had sold a large quantity of cloth to Moody & Brewster, that it had been obtained from them by fraud, and that the title had therefore not passed from them to the purchasers. They asked permission of the court to identify the goods so claimed and to retake them.   The judge, in his instructions to the receiver, passed an order in relation to the goods of Bacon & Co., with which they were satisfied.   Subsequently, upon the application of other creditors, this order was modified.   This modification was excepted to by Bacon & Co. and they filed their bill of exceptions and had a writ of error brought to this court under section 5540 of the Civil Code.   When the case was called here, a motion was made to dismiss it upon the ground that it was prematurely brought to this court.   In resistance to that motion, the learned counsel for the plaintiffs in error insisted that it was properly brought under the above-cited section.   That section provides that " In all cases where an application for an injunction or receiver is granted or refused; in all applications for discharge in bail-trover and contempt cases; granting or refusing application for alimony, mandamus or other extraordinary remedy, . . the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision," etc.   Counsel contended that, although he did not except to the granting of the injunction or the appointment of the receiver, he had a right to bring the case here under the words "or other extraordinary remedy"; and he relied upon the case of *Hayden* v. *Phinizy,* 67 *Ga.* 758, to sustain this contention.   In that case it appears that an injunction had been granted, restraining Hayden from interfering with the plaintiff's use and enjoyment of a certain house in Hall county.   After the grant of the injunction, Hayden violated it, an attachment for contempt was issued against him, and upon the trial of

the contempt proceedings the judge ordered that Hayden be imprisoned for ten days. He excepted to that judgment and brought the case here upon a "fast" writ of error. Motion was made to strike the cause from the docket of the term to which it was brought, and to transfer it to the docket of the next term. This court denied the motion, holding that "the power to attach for contempt for violating an injunction is absolutely essential to the effectiveness of the injunction itself. Hence a proceeding for that purpose is so connected with the injunction as that a decision upon it may be brought to the Supreme Court by a 'fast' writ of error."

In our opinion, the case of *Hayden* v. *Phinizy* is not controlling in the present case. The disobedience of Hayden practically set the injunction aside, and was a contempt of the court which had granted the injunction. If the court could not enforce its injunction, the order would be rendered worthless. It was enforced by punishing the violator, and the court simply held that this proceeding for the violation of the injunction was so connected with the injunction itself that it could be brought here upon a "fast" writ of error. Jackson, C. J., said, in substance, that if an injunction was properly granted and a person then violated it and was attached for contempt, and could bring his exceptions to this court only under the general law, proceedings in injunction cases would be rendered entirely nugatory. In the case now under consideration the record does not disclose that any exception was taken by any one to the granting of the injunction or the appointment of the receiver. The order modifying the instructions to the receiver did not affect the injunction one way or the other. It was merely an act of the judge changing the details of the disposition of the goods. Had he ordered them sold on the first Tuesday in July and creditors had shown him some good reason why that was not a proper day for the sale, and he had changed it to the first Tuesday in August, this would have afforded as much right to a fast writ of error as do the facts of the present case. The words "or other extraordinary remedy" certainly do not give the right to parties, after the injunction has been granted and the receiver appointed, to except to orders of the judge

changing the administration of the assets in the hands of the receiver. If the contention of plaintiffs in error is sound, a case of the kind now under consideration could never be ended by the trial court. Every order as to the details of administration granted by the judge could be excepted to and brought here. The proper practice, in our opinion, is for a creditor to file exceptions pendente lite to such orders as are unsatisfactory to him, and, when the case is terminated in the trial court and is brought here, to assign error in the regular bill of exceptions upon his exceptions pendente lite, or have them made a part of the record and assign error on them in this court. This may in some instances amount to a great hardship, as is claimed to be true in the present case, but this court has no jurisdiction to entertain such a bill of exceptions as the present, however great may be the injustice to the party complaining.

We have looked into the complaint made by the plaintiffs in error, and think there may be merit in it. For this reason we grant them leave to enter the bill of exceptions, or the official copy of it retained below, for record pendente lite.

*Writ of error dismissed. All the Justices concurring, except Lumpkin, P. J., absent.*