## AKINS *v.* MULL.

An order refusing to vacate the appointment of a temporary receiver cannot be reviewed on fast writ of error.

No. 1715. SEPTEMBER 17, 1920.

Equitable petition. Before Judge Park. Putnam superior court. October 14, 1919.

*Thomas A. Brown* and *Roy D. Stubbs,* for plaintiff in error.

*Shipp & Kline,* contra.

GEORGE, J. J. P. Mull, a citizen of this State, filed a petition in Putnam superior court against E. M. Akins, a non-resident of this State, upon a money demand. The plaintiff alleged that the defendant was the owner of a tract of land in Putnam county, this State, and that the land was encumbered by a deed to a third person to secure a debt due by the defendant, and that under the laws of this State the defendant's equity in the land was not subject to attachment. The plaintiff further alleged that by reason of his poverty, brought about by the alleged fraudulent acts of the defendant, he was unable to give the bond required by statute, even if an attachment would lie in the premises. The plaintiff prayed for the appointment of a receiver and for equitable relief. On August 29, 1919, a temporary receiver was appointed to take possession of the land in this State and to "hold same subject to the further order of this court." A hearing on the petition was fixed for September 15, 1919, with the right to the defendant, on ten days' notice to plaintiff or his counsel, to move to have the order appointing a temporary receiver vacated. On September 11 the defendant, through his counsel, filed a written motion to vacate the order appointing the temporary receiver, upon the ground that the defendant was a non-resident of the State and the court was without jurisdiction to appoint a re-

ceiver. The defendant's appearance was special and limited to the purpose set forth in the motion. The motion was heard on September 15. Five days later the court passed an order denying the "motion to vacate said appointment." The merits of the case were not considered, and the court did not exercise his discretion in the premises, the order itself reciting that "the only question for the court to decide at this time is, did the court have the right, under the undisputed facts in this case [referring to the allegations of the petition], to appoint said receiver under the law?" To the order overruling the motion to vacate the appointment of the temporary receiver the defendant excepted.

1. The Supreme Court can not, on a fast writ of error, review an order refusing to vacate the appointment of a temporary receiver. Civil Code, § 6153; *Kaufman* v. *Ferst,* 55 *Ga.* 350; *Bleyer* v. *Old Hickory Distillery Co.,* 70 *Ga.* 724, 725 (2); *Bacon* v. *Capital City Bank,* 105 *Ga.* 700 (31 S. E. 588); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Harris* v. *Sparta,* 130 *Ga.* 60 (60 S. E. 192); *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541).

2. The case differs from the case of *Davison-Nicholson Co.* v. *Pound,* 147 *Ga.* 447 (94 S. E. 560), and other like cases, where the motion to dissolve was urged as a defense to the grant of an interlocutory injunction.

*Writ of error dismissed. All the Justices concur.*