## EAGLE PUBLISHING CO. *et al. v.* MERCER *et al.*

1. Judgments in several separate and distinct cases can not be brought here for review in a single bill of exceptions.
2. In so far as the bill of exceptions assigns error upon the refusal of the court to vacate or modify an interlocutory injunction and the appointment of a receiver, the writ of error is premature, as such an order is not a final adjudication of the case, and the writ of error sued out to review the same must be dismissed.

No. 3007. SEPTEMBER 20, 1922.

Writ of error; from Hall. Motion to dismiss.

S. P. Richards Company, Clements Paper Company, Louisville Paper Company, American Type Founders Company, and Graham Paper Company filed their petition against the Eagle Publishing Company, in the superior court of Hall County, the same being presented to the judge on September 24, 1921, who passed an order appointing J. O. Adams receiver of the property and assets of the defendant, but allowed the defendant until 6 o'clock p m. on September 28, 1921, to pay off all claims of the petitioners; stipulating in the order that the receiver should not take charge of the property and assets of the defendant company before that time. On September 27 the judge, upon proper showing made by the defendant, modified the former order granted by him and passed the following order: "It being represented to the court that the defendant company contests the amount of the indebtedness as set out in the bill in the above case, and it appearing for said defendant company to be placed in the hands of a receiver would greatly injure the company, and it appearing that all rights of the parties plaintiffs can be protected by the defendant giving bond: It is therefore ordered that upon the defendant company executing a good and sufficient bond for $2500.00, conditioned to pay any and all judgments rendered against them in the above case, said bond to be approved by the clerk of the superior court of Hall County, Georgia, and upon said bond being so filed and approved, all further action on the bill in said case be stayed, and the order in said case is so modified. The bond being given, the receiver is discharged." Upon the granting of this order the defendant gave the bond with security as required by the order, and same was approved by the clerk of the superior court as required in the order, and was filed with the clerk on September 28 before six o'clock p. m. On October 1, 1921, Jesse E. Mercer filed

in the same court his bill in equity, in which he named I. M. Merlinjones as sole defendant, and asked that a receiver be appointed to take charge of the equipment and plant of the Eagle Publishing Company, and that the receiver be allowed to continue the operation of the plant of the Eagle Publishing Company, and that I. M. Merlinjones be restrained and enjoined from the further use and possession of the plant and equipment. Upon the filing of the petition and presentation of same to the judge, the judge appointed W. H. Craig receiver of " said defendant company," and directed him to take charge of all the assets, machinery, and stock on hand, described in the petition, and issued a rule nisi calling upon I. M. Merlinjones to show cause before said judge at Gainesville, Georgia, on October 7, 1921, why a receiver should not be appointed, and why the defendant should not be enjoined as prayed. Later, on the same date, October 1, 1921, the judge passed the following order: " On a partial hearing the order heretofore granted, appointing W. H. Craig as temporary receiver, is modified to the extent of not allowing him to take possession of the property before next Saturday, the 8th inst., and until the further order of the court." By agreement of the parties the hearing upon the rule nisi was continued over until October 22, 1921, on which date the judge passed the following order and judgment: " At Chambers, Gainesville, Ga. Oct. 22, 1921. The application for receiver in the above and within stated case coming on according to previous orders at this time, it is ordered that the original order appointing W. H. Craig receiver be confirmed, and he is directed to take charge of the property described in the petition, with the power to continue the publication of the Gainesville Eagle by 10 o'clock a. m. on Nov. 1st. next, unless in the meantime some adjustment satisfactory to the petitioner is made by the defendant or others interested, and all parties in possession of said property are required to surrender said property to the receiver at that time. This is the final order in said matter. J. B. Jones, J. S. C." On November 1, 1921, Craig, as receiver under this order, took charge of the assets, plant, and equipment belonging to the Eagle Publishing Company, and on November 7, 1921, filed with the court a report that he was unable to operate the plant as receiver, and prayed that the property be sold; and thereupon the judge issued a rule nisi

calling upon the defendant, I. M. Merlinjones, and the plaintiff, Jesse E. Mercer, to show cause why said property should not be sold.

On November 9, 1921, R. D. Grigg and the other parties plaintiff in the original petition brought against the Eagle Publishing Company asking for a receiver, in which the bond was given, to wit, S. P. Richards Company, Clements Paper Company, Louisville Paper Company, filed in the same court their equitable petition in aid of and as an amendment of and as ancillary to their petition already filed and of record in said court, in which they named Jesse E. Mercer, I. M. Merlinjones, W. H. Craig as receiver of the Eagle Publishing Company, and the Eagle Publishing Company as defendants to said petition so filed by them. Upon the filing of this petition the judge issued a rule nisi calling upon the defendants named in the petition to show cause before him, on November 19, at Gainesville, Ga., why a receiver should not be appointed for the Eagle Publishing Company, and also why the receiver, W. H. Craig, appointed under the bill filed by Jesse E. Mercer against I. M. Merlinjones, should not turn over to such receiver the property in his hands, and why said property should not be sold by the receiver appointed for the Eagle Publishing Company; and enjoining in the meantime any sale of the property then in the hands of Craig, receiver, and ordering that the petition of Grigg and of S. P. Richards Company et al. be consolidated and thereafter proceed as one petition.

On November 18, 1921, the Eagle Publishing Company filed its intervention in the case of Jesse E. Mercer against I. M. Merlinjones, and asked the court to revoke or modify its former order appointing a receiver for the property, machinery and assets of the Eagle Publishing Company, that the alleged contract between W. H. Craig and I. M. Merlinjones be declared no lien or encumbrance upon the property, equipment, or assets of the Eagle Publishing Company, and that W. H. Craig as receiver be enjoined and restrained from selling or offering for sale any of the assets or property of that company, and from in any manner using or controlling the same. Upon this intervention the court issued a rule nisi ordering Jesse E. Mercer and W. H. Craig, receiver, to show cause before the court, on November 19, 1921, why the order

granted by the court on October 22, 1921, appointing a receiver, should not be reviewed or modified.

On November 18, 1921, I. M. Merlinjones, as defendant, and the Eagle Publishing Company, by way of intervention, filed their written objection to the sale of the property and assets of the Eagle Publishing Company.

On November 19, 1921, I. M. Merlinjones filed his demurrer and answer to the petition in the case of Jesse E. Mercer against Merlinjones. On the same date the Eagle Publishing Company filed its answer and demurrer to the petition in the case of Grigg against the Eagle Publishing Company, and in said answer set forth that the amount sued for by Grigg was paid by him to the Eagle Publishing Company upon a stock subscription of $2,000, and that on said stock subscription there was still due the Eagle Publishing Company the sum of $1844.65, for which it prayed judgment against Grigg. On the same date the Eagle Publishing Company filed its answer in the first suit brought by S. P. Richards Company and the other creditors joining in that petition, in which the Eagle Publishing Company denied that it was indebted to the petitioners as set forth in their petition, and denied that a receiver should be appointed. On the same date all of these matters came on to be heard under the order and rules set forth above, the judge announcing that all the matters would be heard and considered together. The argument could not be concluded on that day, and the hearing was adjourned over until December 3, 1921, on which date, the argument having been concluded, the court passed the following order:

" This petition was originally brought by Jesse E. Mercer as transferee of certain notes and contract made between W. H. Craig and I. M. Merlinjones, in which application was made for a receiver on certain grounds set out in the petition. This case was postponed by the parties to it at various times, and a receiver was finally appointed under that petition, rather by agreement between the parties, the date of appointment appearing in the record. Prior to that, application had been made for a receiver, by S. P. Richards et al. against the Eagle Publishing Company, on which a receiver was appointed, conditioned on the defendant's failure to make bond to pay the creditors in that petition whatever amount should be adjudged against the Eagle Publishing

Company on final trial. The bond was given, approved by the clerk as required by the order. Subsequently to the filing of the Mercer petition heretofore referred to, that petition of Richards was renewed by certain other creditors intervening against the Eagle Publishing Company, in which a receiver was prayed. The case has heretofore been heard and evidence heard and argument, and the argument completed today. It appears in evidence undisputed that on the 23rd day of January, 1920, W. H. Craig sold to I. M. Merlinjones all of the property of the Eagle Publishing Company, that is, the property the Eagle Publishing Company owned at that time, under a certain contract, for which notes were given, the contract and notes being in evidence. At that time W. H. Craig was the sole owner of all the stock of the Eagle Publishing Company, and undertook to and did convey to I. M. Merlinjones in his own name individually all of the property, which sale was under a contract signed by both Craig and Merlinjones, and in which contract and sale, among other things, Craig reserved and retained title to all of the property and assets of the Eagle Publishing Company, and also in that contract he specifies that the title is retained to five thousand dollars of stock of the Eagle Publishing Company. It appears from the notes made at the time and the contract that it was the intention of the parties that all of the assets of the Eagle Publishing Company, as then existing, should be retained by Craig as security for the payment of the notes, the contract specifying when the notes were to fall due, and also the interest and the time when the interest should be paid, and also specifying that the entire debt should be due if the interest was not paid promptly at the time recited in the contract. It appears that this contract and the notes were afterwards sold and conveyed by Craig to Jesse E. Mercer, the plaintiff in the main suit in this case. By intervention, after the appointment of a receiver by the court, certain parties representing themselves as the Eagle Publishing Company filed what is denominated an intervention of the Eagle Publishing Company. It appears from the minutes that after the execution of the contract and the taking possession of the property sold to Merlinjones by Craig, that the Eagle Publishing Company elected officers and issued other stock for certain amounts, as will appear in the record, to the parties who are now officers of the Eagle Publishing Com-

pany. An intervention was filed to this proceeding against Mer-
linjones by the Eagle Publishing Company, in which they set up
that the contract of Merlinjones and Craig was not the contract
of the corporation, the Eagle Publishing Company, and was void,
and that the contract has no lien upon the property of the Eagle
Publishing Company. The separate proceeding by way of · in-
tervention to the original bill by S. P. Richards Company, by
Grigg·and other creditors, also attacked this contract, and in that
intervention there is application made for a receiver.

"The court is of the opinion that the transferee from W. H.
Craig has an equitable interest in this property; that that con-
tract, while an individual contract of W. H. Craig, still W. H.
Craig at the time was the sole owner of the property, of the stock
of the Eagle Publishing Company; and while the sale of the
stock and property was not regular and not as it should have
been, still in equity, W. H. Craig having disposed of his stock
and disposed of all his interest in the corporation, his transferee
undoubtedly has a claim upon the assets under said contract. Now,
as far as the action of the corporation subsequently is concerned,
the issuance of stock by the corporation and it being now held by
other of the incorporators, that while that stock is valid as far
as the court is able to ascertain, still there being no evidence that
they bought the stock without notice of this transfer, and the
transfer having been entered on the record of the court, and what-
ever stock they may own and do own now was undoubtedly re-
ceived by them and issued to them by virtue of their association
with I. M. Merlinjones, who is estopped from attacking this con·
tract made between him and W. H. Craig, and the receiver having
heretofore been appointed against Merlinjones for failure to com-
ply with the provisions of the original contract as to the payment
of interest, the court sees, under the intervention by the Eagle
Publishing Company, no reason why that receivership should be
discharged or disallowed.

· "Now, as to the intervention by certain creditors, I don't
undertake in this proceeding, at this time, to adjudicate or de-
termine whether or not Jesse E. Mercer's claim or rights under
the transfer to him by W. H. Craig, whether his equitable lien
or rights under that claim is superior to the claims of the cred-

itors. It undoubtedly would not be as to prior creditors, but as to subsequent creditors the court leaves that open to be determined later. And under the intervention of these creditors it is claimed there is additional property of the Eagle Publishing Company not in the hands of W. H. Craig, receiver, because the property was bought subsequently to the making of the contract between Craig and Merlinjones, and that the Eagle Publishing Company since that time as a corporation has bought and is in possession of certain property which is connected with and part of the company property, intermingled with it; and without determining rights as between Mercer under his transfer from Craig as against the creditors, the court will appoint Craig as receiver under this intervention by the creditors for all properties in his hands or of the Eagle Publishing Company, and it is not to affect his appointment heretofore, and will in the end, when it becomes necessary, determine the priority of liens as between creditors and the claim of Mercer under the transfer.

"Now further, the court will allow said Merlinjones, or the Eagle Publishing Company under its intervention, to at any time within ten days to give bond with security to be approved by the clerk of the superior court, to pay to Jesse E. Mercer his claim under his transfer and as they fall due, principal and interest; and if that is done, then the receiver will be discharged and the property turned over. The court further determines that before said property can be turned over, that a bond with security be given in the case of S. P. Richards Company with its intervention for the additional creditors who come in by way of intervention to the S. P. Richards Company bill; and if that is done, conditioned to pay the creditors who come in by intervention to the S. P. Richards bill, the bond to be approved by the clerk, to pay whatever may be ascertained to be due by the Eagle Publishing Company to these creditors, that then the receivership, in so far as the creditors of the Eagle Publishing Company, will be refused, and the same length of time is allowed to do that. These two bonds to be separate, the one payable to Jesse E. Mercer to secure him in the payment of his claim, and the other payable to the creditors under the intervention to the S. P. Richards suit. I further reserve the right to at any time, on the application of either party and all parties present, to pass upon the form of the

bond, and it also would be necessary that the interest due on the claims of Jesse E. Mercer be paid on giving the bond. This matter being left entirely open to dispose of any cost matters, and also any receiver's fee or any further and all expenses connected with it. It is further ordered that if bond is offered, all the parties shall be brought together, and the court will approve the form of the bond and the clerk will approve the securities."

The Eagle Publishing Company and I. M. Merlinjones presented their bill of exceptions, naming themselves as plaintiffs in error and Jesse E. Mercer, W. H. Craig as receiver, S. P. Richards Company, Clements Paper Company, Louisville Paper Company, American Type Founders Company, Graham Paper Company, R. D. Grigg, and Whitaker Paper Company as defendants in error, which bill of exceptions was duly certified.

*C. W. Hager, J. M. Johnson,* and *Hammond Johnson,* for plaintiffs in error.

*Dean & Wright, W. I. Hobbs, Luther Roberts, H. H. Perry,* and *J. O. Adams,* contra.

BECK, P. J. (After stating the foregoing facts.) In so far as the plaintiffs in error seek by this bill of exceptions to have reviewed the issues in the case of S. P. Richards Company, Clements Publishing Company, Louisville Publishing Company, and others named as plaintiffs in the case in the superior court of Hall County against Eagle Publishing Company, filed on September 29, 1921, the same being an equitable petition praying the appointment of a receiver, together with the issues made by the case of Jesse E. Mercer against I. M. Merlinjones, which was another and separate case, and the case of Eagle Publishing Company against Mercer and Merlinjones, asking that the court revoke or modify its former order for receiver, and that the alleged contract between Craig and Merlinjones be declared no lien or encumbrance upon the property of the Eagle Publishing Company, and that Craig as receiver be enjoined from selling or offering for sale any of the property or assets of the Eagle Publishing Company, and the case of Grigg against Eagle Publishing Company, it is open to the objection made in the motion to dismiss, that it seeks to bring here for review more than one case by a single bill of exceptions; and it has been distinctly ruled in several cases that this cannot be done. It has been held that where two or more

separate and distinct cases arising under the same contract between the same parties were by agreement tried together, this did not have the effect of consolidating these cases into one, so as to authorize the losing party, by a single bill of exceptions, to bring to the Supreme Court for review the judgments severally rendered in the court below. *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857 (39 S. E. 298).

But even if these cases were so related to one another as to be treated as one case, still the bill of exceptions in this case should be dismissed. In so far as the Eagle Publishing Company, Merlinjones, and the others having an interest in the setting aside of the judgment appointing a receiver under the petition of Mercer against Merlinjones, the final order in that case appointing a receiver was rendered on the 21st day of October, 1921, and the bill of exceptions was not filed within the time allowed by law to have that order reviewed.

In so far as the petition, called an intervention, filed by Eagle Publishing Company against Mercer and Merlinjones, and the other interventions seeking a revocation or modification of the order appointing a receiver under the petition of Mercer against Merlinjones, the order refusing such prayers or granting them would be interlocutory in their nature, and not reviewable here by a direct bill of exceptions. See the case of *Bacon* v. *Capital City Bank,* 105 *Ga.* 700 (31 S. E. 588). "Such an order is not a final adjudication of the case, and a writ of error sued out to review the same is premature and must be dismissed." *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710).

For the reasons stated the motion to dismiss the bill of exceptions must be sustained.

> *Writ of error dismissed. All the Justices concur.*