### PENNINGTON *v.* MACON COUNTY BANK.

HILL, J. " No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code (1910), § 6138.

2. Consequently, where a petition was filed by a bank against one named as defendant, alleging that the defendant was indebted to the bank in a certain sum and that the defendant had been adjudicated a voluntary bankrupt in the district court of the United States, and that the defendant is claiming a homestead of $1600, $280 of which is in personal property and the balance of $1320 in cash, which was derived from the sale of the bankrupt's equity in certain real estate, and which sum was alleged to be in the hands of the trustee; and where the referee had set the hearing of this homestead claim for a certain time at which, if no objections were filed, the property and money referred to above would be turned over to the defendant; and where it was alleged that the defendant was insolvent, and, he having been adjudicated a bankrupt, the bank could not bring a common-law action against him on certain notes described in the petition, and its only remedy was in a court of equity, and it prayed that the defendant be restrained and enjoined from transferring, alienating, or disposing of the homestead property or the proceeds thereof, and that a receiver be appointed to take charge of and hold the property, or to receive the same from the trustee in bankruptcy when the same has been finally allowed as a homestead by the bankruptcy court; and where there was a prayer for a judgment in rem against the property set aside and allowed as a homestead, for the account of its debts, as against which the homestead rights were waived; and where it appears that a receiver was appointed and an interlocutory injunction granted as prayed; and where subsequently in the present case an equitable petition was filed by the defendant against the bank, praying that the previous order appointing a receiver and granting the injunction should be dissolved, and the court, after hearing the case, passed an order declining to dissolve the injunction or to vacate the order appointing the receiver: such order did not finally dispose of the case, but left the issue as to whether a permanent receiver should

be appointed and a permanent injunction should be granted, and a verdict and judgment should be rendered against the defendant for the amount prayed for, still pending and undisposed of in the court below; and therefore, no final judgment appearing in the record and none being specified in the bill of exceptions, the writ of error was prematurely brought to this court, and on motion made the same must be and is dismissed. See *Stubbs* v. *McConnell*, 119 *Ga.* 21 (45 S. E. 710); *Bacon* v. *Capital City Bank*, 105 *Ga.* 700 (31 S. E. 588); *Smith* v. *Willis*, 107 *Ga.* 792 (33 S. E. 667); *Young* v. *Harris*, 146 *Ga.* 338 (91 S. E. 39); *Durkin* v. *Hewlett*, 148 *Ga.* 635 (97 S. E. 640).

*Writ of error dismissed. All the Justices concur.*

No. 3634. NOVEMBER 17, 1923.

Motion to dissolve injunction etc. Before Judge Littlejohn. Macon superior court. January 22, 1923.

*John B. Guerry* and *Benj. F. Neal,* for plaintiff in error.

*John M. Greer* and *Gilbert C. Robinson,* contra.