### WOMACK *et al. v.* BAKER.

No final judgment being excepted to, the writ of error is premature. Leave is granted to treat the exceptions taken as exceptions pendente lite.

No. 4135.     APRIL 30, 1924.

Equitable petition. Before Judge Hutcheson. DeKalb superior court. December 1, 1923.

*Hendrix & Buchanan,* for plaintiffs in error.

*Roy Lewis,* contra.

GILBERT, J. L. P. Baker filed a petition in DeKalb superior court against Mrs. M. H. Womack, doing business as Fulton Lime & Cement Co., and John L. Womack individually and as general manager of said company, alleging, in substance, that the defendants had injured and damaged the plaintiff in the sum of $32,350, by reason of the fact that the defendants filed a lien on the property of plaintiff, claiming the sum of $1,457; that the plaintiff did not owe the defendants anything; that the filing of the lien was without warrant of law and without facts to justify it, and was done under circumstances indicating willful and malicious conduct on the part of the defendants, entitling the plaintiff to an additional sum of five thousand dollars as punitive damages; that the plaintiff had no adequate remedy at law; and that a rule nisi should issue, requiring the defendants to "show cause if any there be why said claim of lien should not be canceled of record in-

stanter. The prayers were: (1) for process; (2) for rule nisi requiring the defendants to show cause "why the prayers of this petition should not be granted as prayed;" (3) for a money judgment against the defendants; (4) for general relief. A rule nisi was issued, ordering the hearing for November 24, 1923, before the judge at chambers. Both of the defendants answered, denying the material allegations of the petition. On the date so set the judge heard the case, the plaintiff introducing evidence tending to substantiate the allegations of the petition. The defendants objected to the introduction of evidence, and moved to rule out the same, on the grounds, that the court had no authority to grant any order until the issues in the case were passed upon by a jury; that no evidence could be heard until the term of court at which the case was returnable; and that the court was without authority to pass any order until the second term of the case. These objections were overruled, and the defendants excepted. After reserving his decision until December 1, 1923, the judge, at chambers, rendered a judgment ordering and adjudging "that the clerk of said Fulton superior court mark and endorse upon the records of his said office the cancellation of said lien of record, which appears of record in said office in Mortgage Book 488, page 536;" and further, "that the plaintiff make an indemnifying bond, approved by the clerk of DeKalb superior court, payable to defendants, for the eventual condemnation-money, if any," etc. To this judgment the defendants excepted, and assigned error on the ground that the court had no authority to pass said order before the second term of the cause and until the issues in said case had been decided by a jury; and because the court could not order the clerk of Fulton superior court to cancel the lien on the record of Fulton County, for the reason that the clerk of Fulton superior court was not a party to said cause, and the court was without jurisdiction to issue an order directing that clerk to do anything in said matter.

The judgment of the court on which error is assigned is not such a final judgment as is contemplated in the Civil Code (1910), § 6138, authorizing a writ of error to this court. The case is still pending and undisposed of in the trial court on the question of a recovery of damages; and therefore, no final judgment appearing in the record and none being specified in the bill of exceptions, the

writ of error was prematurely brought to this court, and on motion made the same must be and is dismissed. *Pennington v. Macon County Bank*, 156 *Ga.* 767 (120 S. E. 107).

Under the peculiar facts of the case leave is granted to treat and consider the official copy of the bill of exceptions on file in the trial court as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*