Dixie Metal Products Company *v.* Jones *et al.*

Beck, P. J. "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." Civil Code, § 5495. Moreover, "Equity will not take cognizance of ·a plain legal right, where an adequate and complete remedy is provided by law." § 4538. Furthermore, "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." § 5477. Applying the foregoing principles as they were applied in the cases of *Cooleewahee Co.* v. *Sparks,* 148 *Ga.* 211 (96 S. E. 131), and *Coe Mfg. Co.* v. *Dı & L. Bank,* 160 *Ga.* 675 (128 S. E. 908), the court did not err in sustaining the demurrer to the petition.

> *Judgment affirmed. All the Justices concur.*

No. 5412. October 15, 1926.

Equitable petition. Before Judge Hutcheson. DeKalb superior court. March 26, 1926.

Dixie Metal Products Company brought suit on open account against N. T. Jones, joining Mrs. Ella D. Jones as defendant, and alleging: that the account was for·material for the improvement of real estate; that prior to the purchase of the same the real estate had been conveyed secretly by N. T. Jones to Mrs. Ella D. Jones, his mother; that such conveyance was concealed until after said goods were secured and the credit was extended by plaintiff on the faith of the ownership of said property by N. T. Jones; that at the time of said conveyance and the purchase of ·said goods N. T. Jones was indebted several thousand dollars for the improvement of the property, and that Mrs. Jones knew this; that this was the only property owned by him at said time, and at the time of the filing of the suit he was insolvent; that the conveyance was without consideration, and was made for the purpose of hindering, delaying, and defrauding his creditors, Mrs. Jones having knowledge of all the facts and conspiring with N. T. Jones to the purpose stated. By amendment the plaintiff alleged that a trustee in bankruptcy had been appointed for N. T. Jones, but he had been discharged prior to the bringing of the suit; and judgment was asked against N. T. Jones for said account. The plaintiff prayed also, for setting aside the deed from N. T. Jones

Equity, 21 C. J. p. 36, n. 16.
Fraudulent Conveyances, 27 C. J. p. 863, n. 36.
Injunctions, 32 C. J. p. 33, n. 34.
Receivers, 34 Cyc. p. 21, n. 37.

to his mother, for injunction, and for the appointment of a receiver to take the equity in said property over and above a first and second mortgage, and to hold and administer the same for the benefit of N. T. Jones' creditors. It was alleged that plaintiff was unable to pay off the mortgages, that defendants were residing on and using said property, and that the rents and profits therefrom should be applied to the payment of debts against it. Insolvency of Mrs. Ella Jones was not alleged.

A general demurrer was sustained, and error is assigned upon that judgment.

*William P. Kennedy* and *Horace Russell,* for plaintiff.

*L. J. Steele* and *R. B. Blackburn,* for defendants.