RAMSEY *v.* RAMSEY.

ATKINSON, J. 1. The judgment upon which error was assigned was in effect the grant of an application for a receiver, which may be reviewed by a fast bill of exceptions. Civil Code, § 6153. See *Jones* v. *Warnock*, 67 *Ga.* 484. The case differs on its facts from *Akins* v. *Mull*, 150 *Ga.* 459 (104 S. E. 209), in which there was no hearing upon the merits of the case.

2. "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of the separation, if the parties have separated,—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court." Civil Code, § 2954. "After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause." § 2955. "The writ of injunction to restrain a husband from incumbering or disposing of his property pending a divorce and alimony suit should not be granted, where the husband is neither attempting nor threatening to sell or encumber his property, and no other equitable ground for the issuance of the writ is shown to exist." *Melvin* v. *Melvin*, 129 *Ga.* 42 (2) (58 S. E. 474). "A court of equity may appoint a receiver to take possession of, and hold, subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." Civil Code, § 5479. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." § 5477. Applying the foregoing principles to the pleadings and uncontradicted evidence in this case, the judge erred in continuing the receivership. In this connection see *Cooleewahee Co.* v. *Sparks*, 148 *Ga.* 211 (96 S. E. 131); *Coe Mfg. Co.* v. *Dublin &c. Bank*, 160 *Ga.* 675 (128 S. E. 908); *Dixie Metal Products Co.* v. *Jones*, 163 *Ga.* 70 (135 S. E. 406).

*Judgment reversed. All the Justices concur.*

No. 8690. SEPTEMBER 14, 1932.

*H. W. McLarty,* for plaintiff.    *Marvin G. Russell,* for defendant.