## 20319. SILVER et al. v. MONTROSE CORPORATION.

HAWKINS, Justice. An examination of the original record on file in this court in the case of *Stubbs* v. *McConnell*, 119 *Ga.* 21 (45 S. E. 710), shows that it is on all-fours with this case. There, as here, the trial court, after hearing evidence, granted an interlocutory injunction against the defendant. Subsequently, on motion of the defendant, the interlocutory injunction was dissolved upon the defendant's giving bond. It was to this judgment that the plaintiffs excepted, and this court there held: "1. An order dissolving, vacating, or modifying an interlocutory injunction and appointment of a receiver is not reviewable by a 'fast' writ of error. *Bacon* v. *Capital City Bank*, 105 *Ga.* 700 [31 S. E. 588]; *Smith* v. *Willis*, 107 *Ga.* 792 [33 S. E. 667], and cases cited. This was, in effect, ruled in this case at the last term. 2. As such an order is not a final adjudication of the case, a writ of error sued out to review the same is premature and must be dismissed. Civil Code, § 5526 [now Code, Ann., § 6-701]." To the same effect see *Jones* v. *Graham*, 187 *Ga.* 622 (1 S. E. 2d 635), and the many cases there cited. While some of the cases cited to sustain the judgment in the *Jones* case deal with an exception to a judgment dissolving a temporary restraining order, that case cannot be distinguished from the present case upon that ground, for an examination of that record discloses that the judgment there excepted to was one dissolving an interlocutory injunction, and not one dissolving a temporary restraining order. Accordingly, the motion to dismiss the present bill of exceptions must be and is sustained.

*Writ of error dismissed. All the Justices concur.*

ARGUED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

*Fulcher, Fulcher, Hagler & Harper,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers, Congdon, Holley & Smith,* contra.

DUCKWORTH, Chief Justice, concurring specially. I concur in the judgment only because I am bound by the decisions cited, which I consider utterly unsound.