22427. MOORE v. SELMAN et al.

866

ARGUED MARCH 9, 1964—DECIDED APRIL 21, 1964—
REHEARING DENIED MAY 7, 1964.

*Harbin N. King,* for plaintiff in error.

*Robert G. Walther, John W. Maddox,* contra.

MOBLEY, Justice. ■ The precise question presented by the motion to dismiss the bill of exceptions is whether a writ of error will lie to this court from the order of the trial court, rendered after notice and hearing, dissolving a temporary injunction previously granted by the court, after notice and hearing.

A bill of exceptions will lie to the granting or refusal of an interlocutory injunction. *Code* § 55-202. *Walker v. Ful-Kalb, Inc.,* 181 Ga. 574 (183 SE 776) ; *Brindle v. Goswick,* 162 Ga. 432 (134 SE 83) ; *Hagans v. Excelsior Electric Membership Corp.,* 207 Ga. 53 (1) (60 SE2d 162). The law as to this is clear. However, much confusion has arisen over the question of whether an order of the court, granted after notice and hearing, continuing in force an ex parte restraining order, constitutes the granting of an interlocutory injunction such as is reviewable under *Code* § 55-202, and whether an order granted after notice and hearing dissolving or vacating a previously granted ex parte restraining order constitutes a denial of a temporary injunction such as would be reviewable under *Code* § 55-202, and also whether an order granted after notice and hearing dissolving, vacating, or setting aside a previously granted temporary injunction, granted after notice and hearing is reviewable under *Code* § 55-202.

As to the first question it has been settled by this court that where, after an interlocutory hearing, the trial judge passes an order continuing in effect a previous restraining order until further order of the court, such order is in effect the granting of an interlocutory injunction and may be brought to this court by direct bill of exceptions. *Mayor of Hazlehurst v. Wilson,* 205 Ga. 231 (1) (52 SE2d 849). This case followed the full-bench decision of *Grizzel v. Grizzel,* 188 Ga. 418 (3 SE2d 649), where the cases dealing with this question were reviewed. The court there stated at page 420, "In *Jones v. Warnock,* 67 Ga. 484, this court held that where a temporary restraining order was granted, and at the interlocutory hearing the judge 'refused to dissolve it, but ordered it to be continued in force until further order, this was in effect to

grant a temporary injunction, and could be brought to this court by "fast" bill of exceptions.' That decision was followed in *Ramsey v. Ramsey*, 175 Ga. 685, 688 (165 SE 624), involving the analogous continuance of a temporary receivership, and in *Kinney v. Crow*, 186 Ga. 851, 855 (199 SE 198), and *Ferrell v. Wight*, 187 Ga. 360, (200 SE 271), both involving the continuance of temporary restraining orders. . . Since it is the duty of a judge, under the *Code*, § 55-201 et seq. relating to injunctions, to either grant or refuse an interlocutory injunction at the hearing set for that purpose, and in a doubtful case it will ordinarily be presumed that he has done what he ought to have done, and since under the express terms of the *Code*, § 55-201, a 'restraining order shall have all the force of an injunction until rescinded or modified by the court,' the continuance of a restraining order, after evidence at the interlocutory hearing, under the ruling in *Jones v. Warnock*, has the manifest purpose and effect of granting a preliminary injunction, and will authorize a fast writ of error. And this is true even though the judge under such circumstances may have used the words 'temporary restraining order' instead of the more appropriate term, 'interlocutory injunction.' See *Shaw v. Goodman*, 135 Ga. 230 (69 SE 173). Notwithstanding some conflict in the authorities and past confusion in the practice, the oldest decision, *Jones v. Warnock*, controls. If there is any holding to the contrary or language that might be so construed in later cases, these must yield to the earlier decision. See *Bleyer v. Old Hickory Distilling Co.*, 70 Ga. 424 (2); *Mayor of Savannah v. Grayson*, [104 Ga. 105, 30 SE 693], supra; *Smith v. Willis*, 105 Ga. 840 (32 SE 93); *Hanson v. Stephens*, 116 Ga. 722, 725 (42 SE 1028); *Eagle Publishing Co. v. Mercer*, 154 Ga. 246 (2) (114 SE 26); *Hall v. Hall*, 185 Ga. 502, 504 (195 SE 731). This ruling is not in conflict with that in *Collins v. Huff*, 61 Ga. 633, made antecedent to the *Warnock* case, or subsequent rulings in *Hollinshead v. Lincolnton* [84 Ga. 590], supra, and *Kennedy v. Edenfield*, 159 Ga. 816 (126 SE 779), holding that a mere ad interim order before an interlocutory hearing can not be taken as a grant or refusal of an interlocutory injunction. Nor is this ruling in conflict with that in such cases as *Ballin v. Ferst*, 53 Ga. 551, and *Kaufman v. Ferst*, 55 Ga. 361, where the order was passed, not at

the interlocutory hearing, but on a mere motion to dissolve. See *Smith v. Willis*, 107 Ga. 792, 793, (33 SE 667)."

The court then pointed out in that opinion that no question was there presented as to whether an order passed at an interlocutory hearing, dissolving, revoking, rescinding, vacating, or setting aside a previously granted restraining order, should be considered as a refusal of an injunction so as to authorize a fast bill of exceptions; and, in that connection, referred to some 20 cited cases. In all of those cited cases, except *Stubbs v. McConnell*, 119 Ga. 21 (45 SE 710), and *Jones v. Graham*, 187 Ga. 622 (1 SE2d 635), the court held that an order dissolving, revoking, rescinding, vacating, or setting aside a previously granted temporary restraining order was not reviewable in this court by direct bill of exceptions. In each instance the order dissolved, vacated, or set aside was an ex parte temporary restraining order granted without notice and hearing. However, in *Stubbs v. McConnell* and *Jones v. Graham*, supra, the order dissolved was a temporary injunction granted after notice and hearing. This court in *Silver v. Montrose Corp.*, 214 Ga. 744 (107 SE2d 823), followed those two full-bench decisions, by which the court was bound, and likewise held that an order dissolving a temporary injunction granted after notice and hearing was not reviewable. Chief Justice Duckworth specially concurred stating, "I concur in the judgment only because I am bound by the decisions cited, which I consider utterly unsound."

This court called upon the defendant in error here to show cause why those three cases, and any others holding similarly should not be reviewed and overruled. After review of the many cases dealing with this question and the utterly confusing situation, we are of the opinion that these cases are unsound. Since an order denying a temporary injunction is reviewable, *Code* § 55-202, an order dissolving, revoking, or setting aside a previously granted temporary injunction, which would in effect constitute a denial of the temporary injunction, would likewise be reviewable, and we so hold. The cases of *Stubbs v. McConnell*, 119 Ga. 21, supra, *Jones v. Graham*, 187 Ga. 622, supra, and *Silver v. Montrose Corp.*, 214 Ga. 744, supra, and any others that may have held that an order dissolving or vacating a temporary injunction granted after notice and hearing is not reviewable, are expressly overruled. The motion to dismiss the bill of exceptions is denied.

■ "The granting and continuing of injunctions always rest in the sound discretion of the judge, and this power shall be prudently and cautiously exercised, particularly when a whole year's finances of a political subdivision are involved, unless the law and the facts clearly demand such action." *Kight v. Gilliard,* 214 Ga. 445, 447, 448 (3) (105 SE2d 333), and cases cited.

The law and the facts here did not demand the granting of an interlocutory injunction nor did the trial judge abuse his discretion in dissolving the injunction previously granted. At the original hearing there was uncontradicted evidence that the tax assessors knew there were many taxpayers of Floyd County whose household furnishings and appliances had a fair market value many times the value listed on the returns or in the assessments based thereon. Thus the evidence demanded a finding that household furnishings and appliances were not assessed from the best information obtainable and were not assessed on the same basis as realty and other tangible personal property, as required by law. See *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732), and citations. The court properly granted the injunction entered on November 18, 1963.

The question as now presented is whether the court after further hearing erred in entering its order of December 16, 1963, dissolving that injunction, or in other words, in denying the temporary injunction. There was evidence on the second hearing to support the finding of the trial court that final assessments made against certain corporations, which had not been completed at the time of the prior hearing, are based upon the best information available and obtainable and otherwise meet the requirements of law. There was also evidence supporting the finding of the court that household furnishings and appliances of taxpayers have now been properly assessed from the best information obtainable and that all taxable property of the same class will be taxed alike by the same standard of evaluation under the assessments as finally made by the board of tax assessors.

Thus, the judgment of the trial court of December 16, 1963, denying a temporary injunction was not error.

*Judgment affirmed. All the Justices concur.*